## No. 18,267.

POLICE PENSION AND RELIEF BOARD, ET AL. *v.*
CHARLES BEHNKE, ET AL.
(316 P. [2d] 1025)

Decided October 14, 1957.   Rehearing denied November 12, 1957.

Mr. JOHN C. BANKS, Mr. HORACE N. HAWKINS, JR., for plaintiffs in error.

Mr. E. F. CONLEY, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

On April 4, 1956, four members of the Denver Police Department, for themselves and for all other persons similarly situated, filed their complaint against the Denver Police Pension and Relief Board, the five members thereof, and William H. McNichols, auditor of Denver, seeking a declaratory judgment determining the status and legal rights of the plaintiffs, injured and totally disabled members of the Denver Police Department.

On October 30, 1956, there was filed in the case a "stipulation and agreed statement of facts." This stipulation provided that the City and County of Denver should be added as a party defendant, that the then auditor and the then members of the Police Pension and Relief Board be substituted for those named in the complaint and no longer serving. The stipulation provided that the action is a class action and that any judgment entered should be binding on all members of the Denver Police Force who had been injured in line of their duties prior to June 1, 1947, and should also be binding upon their heirs, executors, etc. The stipulation set forth various provisions of the Denver Charter and Ordinances of the City of Denver in effect prior to June 1, 1947, touching on the rights of plaintiffs.

The parties further stipulated that each of the plaintiffs had been totally disabled prior to June 1, 1947, and from the date of disability until November 30, 1949, each had been paid by the City from the Police Pension and Relief Fund pensions equal to one-half of his average monthly salary during the one year next preceding his injuries *plus one-half of all raises in pay granted for the rank held at the time of his injuries and retirement,* and that said payments were made and accepted in the good faith belief that they were justly due under the Charter provisions and ordinances in force prior to June 1, 1947,

and likewise under the provisions of the new Charter which became effective June 1, 1947.

It is further stipulated that this Court on November 28, 1949, rendered its decision in the case of *McNichols, Auditor, et al. v. Police Protective Association of Denver, et al.,* 121 Colo. 45, 215 P. (2d) 303, and that from and after that decision the City has paid to plaintiffs amounts equal to one-half of their salaries at the time of their injuries plus one-half of all pay raises after June 1, 1947, but has refused to include or pay such raises granted subsequent to the injuries and prior to June 1, 1947.

The parties also stipulated that on March 20, 1956, the City Charter was in certain respects again amended effective April 1, 1956.

The parties prayed that the District Court:

". . . declare the rights, status and other legal relations of plaintiffs and defendants under the charter of the City and County of Denver and under the ordinance hereinbefore set forth, and particularly with reference to the following questions:

"1. Were plaintiffs on June, 1, 1947, and are they now entitled to leaves of absence from the Denver Police Department because of the injuries received by them?

"2. How should the amounts properly payable to plaintiffs from the Police Pension and Relief Fund be computed?

"3. Is each plaintiff legally liable to and does each plaintiff owe unto defendant City * * * the aggregate amount by which payments made to him from said Police Pension and Relief Fund subsequent to June 1, 1947, and prior to December 1, 1949, include one-half of the raises in pay granted in the rank he held at the time he was retired pursuant to the ordinance hereinbefore set forth which were so granted subsequent to the time he was so retired and until and including June 1, 1947?"

The trial court answered the first question in the affirmative, the third question in the negative, and in re-

sponse to the second question directed the auditor to compute and approve payments due each plaintiff, such payments to include one-half of all pay raises prior to, as well as after, June 1, 1947, *and to pay said amounts into the registry of the Court.* To review this judgment and decree the case is presented here on writ of error.

Though the parties have by stipulation set forth numerous Charter provisions and sections of ordinances which they wish to have construed, we have found it difficult if not impossible to determine the intent of the voters of Denver in adopting the Charter provisions or the intent of the City Council in adopting certain sections of the ordinances without having before us the whole Charter and ordinances; consequently, and because of the public interest in the matters presented, we have taken the liberty of going beyond the record and examining pertinent provisions of printed copies of the Charter and ordinances. Our action in so doing is by no means to be construted as precedent for waiving or sanctioning failure to plead and prove ordinances relied upon.

Each of the plaintiffs at the time of his becoming totally disabled due to injuries received in line of duty was a member of the classified service as defined in Article XV of the Municipal Code 1927 of the City and County of Denver. In order to become such member each had to meet certain requirements, pass certain examinations, serve six months by original appointment, and at the termination of said six months, his service having been satisfactory, he was permanently appointed. Having met these requirements, the plaintiffs acquired valuable rights, such as job security, seniority rights, disability and sick benefits, pension rights, etc. These classified service rights could be lost (1) by proof of misconduct, etc., but only after proper hearing; (2) they could be given up by formal resignation or actions indicating clearly an intention to resign and inconsistent with continued membership; or (3) of course by death.

Clearly each of the plaintiffs being a member of the classified service at the time of his injuries and thereafter receiving benefits, not having formally resigned or taken any action indicating an intention to resign, remains a member of the classified service and a member of the Police Department of the City and County of Denver.

At the time each plaintiff was injured (prior to June 1, 1947) Article VI of the 1927 Municipal Code was in effect and provided for a "Police Department Relief Fund" to be administered by the Manager of Safety for the benefit of the aged, infirm, and disabled members of the department. The Charter as amended May 15, 1906, not only authorized *but directed* the City Council to provide for the fund and its administration. Pursuant to the Charter the City Council adopted an ordinance, being Article IV (Secs. 1565-1583) Municipal Code 1927, which ordinance among other things provides for a "Police Department Relief Fund" made up of various items (Sec. 1571) including:

"(8) a monthly assessment of one percent upon the monthly salary of such [each] officer, member or employee, to be deducted and withheld therefrom."

Sec. 1574 provides that:

"If any such officer, member or employee * * * suffer physical injury resulting in total disability * * * [is] thereby rendered unable to perform his duties * * * or otherwise support himself and family, he shall be *retired from service* and instead of salary from said department he shall be paid monthly from said fund an amount equal to one-half the average monthly salary now being paid *or hereafter to be paid* for the same class of service which the retired member was performing during one year next before the time of such injury, so long as * * * such disability * * * be attested to * * * by two * * * physicians * * *." (Emphasis supplied.)

Sec. 1578 provides that:

"The manager * * * may in his discretion assign any

*officer, member or employee* receiving benefits * * * to the performance of such duties *in the department* as they might be capable of discharging * * * the person so assigned shall receive as monthly *benefits* only the difference, if any, between the monthly compensation attached to the position to which he may be assigned, and one-half his average monthly salary during one year next before the time of his *disability* or *infirmity.*" (Emphasis supplied.)

From the above it is clear that prior to June 1, 1947, each plaintiff *on becoming totally disabled* was entitled to receive from the Police Department Relief Fund a monthly payment equal to one-half of the average monthly salary then being paid or thereafter paid for the class of service he performed during the year prior to his injury. The City so interpreted the Charter and ordinances and made payments, including all increases, in accordance with the above interpretation until the decision in *McNichols v. Police,* supra.

On May 20, 1947, there was submitted to the voters of Denver at the General Municipal Election "Proposition No. 4 on the ballot," which proposition provided: "That Section 239 (Section 133) of the charter of the City and County of Denver be and the same hereby is *amended* to read as follows:" (Here follows rather full and complete provisions for benefits and pensions for sick, disabled and aged members of the classified service employees and former employees of the Department.)

Then appears the following: "This amendment shall become effective June 1, 1947, and shall apply to all members of the Denver Police Department in the classified service as of said date, to all members entering such service after said date, and to all members of said department who have been granted pensions heretofore. "All provisions of the charter or any amendment thereto in conflict herewith or any part hereof shall be and the same are hereby repealed. "Be it Further Enacted by the People of the City and County of Denver that Section

240 (Section 134) be and the same hereby is repealed."

The first of these three paragraphs clearly states that the terms of said proposition shall apply (a) to *all members of the Denver Police Department in the classified service* as of said date (June 1, 1947) — this includes the plaintiffs — , (b) to all members entering such service after said date, and (c) to all members of said department who have been granted pensions heretofore — this includes those granted pensions because of their age pursuant to Sec. 1577, 1927 Municipal Code, and who are no longer members of the classified service or employees of the Police Department.

The next paragraph provides for the repeal of all Charter provisions *in conflict* with Proposition No. 4, and the third paragraph expressly provides for the repeal of Section 240 (Section 134). This Section 240 designates the source of monies that went into the Relief Fund as provided in the 1904 Charter as amended in 1906. Significantly, this is the only Charter provision that is *expressly* repealed.

Having determined the rights of the plaintiffs as of June 1, 1947, we shall now seek to determine how those rights were affected by the adoption and putting into effect on June 1, 1947, of Proposition No. 4.

█ Clearly this Charter amendment of June 1, 1947, applies to plaintiffs; it could grant new or additional rights to plaintiffs and could have taken away non-vested rights previously granted and enjoyed. We find nothing in this amendment that purports to deprive plaintiffs of any rights previously granted. In fact we find, going beyond the ordinances pled, what we consider a most vital ordinance provision which constitutes a complete answer to the questions answered by the trial court and now here for review. The principal contention of counsel for the City is that *McNichols v. Police,* supra, holds contrary to the decision of the trial court and that all parties are bound by the holding in that case. We have carefully examined the record in

*McNichols v. Police,* supra, and find that counsel therein presented only a portion of the ordinances touching on the questions involved, and failed to present ordinance provisions which provide a complete answer to the "third specification" — page 50 of the published opinion in the case of *McNichols v. Police, supra,* an answer opposite in effect to that given in the above case. Counsel for the City here contend, just as they contended in *McNichols v. Police,* supra, that the Charter adopted June 1, 1947, is a completely new law and that it had the effect of repealing all that had gone before in the way of Charter provisions and ordinances. We hold to the contrary. The Charter of June 1, 1947, purports only *to amend* the existing Charter; it purports to repeal *conflicting provisions* of the existing Charter and *expressly* repeals only one section — Section 240 — of the previous charter. Such language does not indicate an intention to undo all that had gone before. In addition, the City Council, *after June 1, 1947,* adopted Ordinance No. 250 and by Section 010-011-.13 thereof (explanatory material, penalty, repeal) expressly repealed all of Sections 1565-1583 of Ordinance No. 156. These repealed sections are the very ones under which plaintiffs acquired their rights prior to June 1, 1947. In repealing these sections the City Council necessarily took the position that they had not been repealed by adoption of the 1947 Charter. In connection with the repeal of these provisions the City Council made definite provision that all rights previously acquired thereunder be preserved.

Ordinance 250-010-011-.12-1 provides:

*"Saving Clause.*

"The repeal of any section of ordinance No. 156 of the series of 1927, or any other ordinance or section thereof or rule or regulation lawfully promulgated thereunder by Section 011-.13 of this revised Municipal code shall not *affect, deny,* abridge or impair any *right,* action, or cause of action accruing or arising under the

section or sections so repealed. Such right, action or cause of action may be prosecuted to a final determination under the section or sections repealed by Section 011-.13 hereof, notwithstanding such repeal * * * ."

■ Thus it appears that the City intended to and did preserve and save for *all persons all rights* acquired under Ordinance No. 156 and this includes all rights acquired by the plaintiffs prior to June 1, 1947. In so holding we run head-on into this Court's answer to the "third specification" in *McNichols v. Police,* supra, and which answer was given on an incomplete statement of facts, a statement which unfortunately omitted the above quoted saving clause, which in itself contains the answer to the question asked.

We hereby expressly overrule and retract this Court's answer to the "third specification" in *McNichols v. Police,* supra, and for the very good reason that the Court's answer is predicated on the assumption that the record disclosed the material facts, whereas nowhere in the record or the briefs do we find any mention of this "Saving Clause" which is the key to the correct answer to the question presented in the "third specification."

The judgment of the trial court provides that payments determined to be due plaintiffs be paid to the Registry of the trial court. We find nothing in the record to indicate that any of the parties requested any such order and we deem it unwise to place this added burden on the Court; consequently we eliminate this requirement from the judgment and modify the judgment of the trial court to this extent. As so modified, the judgment of the trial court is affirmed.

MR. JUSTICE FRANTZ not participating.