## No. 17,970.

THOMAS G. CURRIGAN, AS AUDITOR OF THE CITY AND
COUNTY OF DENVER, ET AL. *v.* LAWRENCE STONE, JR.
(317 P. [2d] 1044)

Decided October 28, 1957. Rehearing denied November 18, 1957.

Mr. JOHN C. BANKS, Mr. HORACE N. HAWKINS, JR., for plaintiffs in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

DEFENDANT in error was plaintiff below, and we refer to him herein as plaintiff; we refer to plaintiffs in error as defendants or the City.

On March 25, 1955, plaintiff filed his complaint, naming as defendants William H. McNichols, auditor, and Paul L. Sandberg, deputy auditor, of the City and

County of Denver. In substance, the complaint alleges that (1) on May 18, 1927, plaintiff was appointed a member of the classified service of the Police Department of Denver and remained in active service until April 16, 1945, at which time, by reason of total disability, arising out of injuries received in the discharge of his duties, he was *retired from service on pension,* pursuant to the ordinances and charter of the City and County of Denver; (2) that from April 16, 1945, until January 1, 1949, he received *pension payments pursuant to the ordinances and charter of the City* and that at no time after April 16, 1945, has the *Police Pension and Relief Board* or any other person or agency *having jurisdiction* taken any action to reduce, terminate or suspend his pension payments; (3) that at all times pertinent hereto, Section 133 of the Charter of the City provided that the *Police Pension and Relief Board* should have exclusive control in granting *relief* and *pensions* to policemen and that the board's decisions shall be final and that said Section 133 should apply to all members of the Police Department who had been granted *pensions* prior to June 1, 1947; (4) that the Charter of the City makes it the duty of the auditor to sign, approve and deliver all warrants legally drawn on the Police Pension and Relief Fund and that said auditor has no power to review, reverse or interfere with any order of the board directing payment of relief or pensions from the Fund; that the auditor had refused to sign, approve, or deliver warrants prepared for and authorized by the said board to be issued to plaintiff in payment of benefits due plaintiff for the period January 1, 1949, to June 30, 1953; (5) that demand has been made on said auditor to sign, approve and deliver the warrants amounting to over $8,800.00 and that he has refused so to do. Plaintiff prays that defendants be directed to sign and deliver the warrants or, in lieu thereof, the plaintiff have judgment against the defendants for $8,800.00, interest, costs and general relief.

On *April 21, 1955,* the parties stipulated that the plaintiff join as parties defendant the City and County of Denver, the Police Pension and Relief Board of said city and the five members of said board, and that plaintiff *cause summons to be served upon such parties,* and that the caption be amended to show the original and added defendants.

On April 23, 1955, the parties named as defendants in the present caption filed their answer and counterclaims alleging various matters by way of defense, and set forth several charter provisions and ordinances relied upon to sustain their contentions. They set forth the following matters as defenses:

1. That the complaint does not state a claim on which relief can be granted.

2. Statutes of Limitations bar plaintiff's right to recover.

3. The plaintiff on January 1, 1949, ceased to be unable to perform his duties as a police officer and became able to support himself and did from January 1, 1949, to June 30, 1953, enjoy public employment other than as a member or officer in the classified service of the Police Department of Denver and for which public employment he was paid and accepted compensation and thereby resigned as a member of the classified service and Denver Police Department and became ineligible for further benefits.

The defendants also set up two counterclaims, as follows:

First: The City demands that the plaintiff pay back to it $627.00, alleged over payments of benefits during the period April 16, 1945, the date of plaintiff's injuries, to January 1, 1949, the date the City stopped all payments to plaintiff. These payments were made voluntarily by the City, and the sole basis for seeking their return is predicated on the judgment of this court in *McNichols v. Police Protective Association of Denver,* 121 Colo. 45, 215 P. (2d) 303.

Second: The City demands that the plaintiff pay back to it $4,174.99, voluntarily paid to plaintiff during the period July 1, 1953, to August 1, 1955, payments having been made at the rate of $167.00 per month. Refund is demanded because of the alleged fact that on January 1, 1949, plaintiff ceased to be and was no longer unable to perform his duties as a police officer and became able to support himself and after said date did support himself and accepted and enjoyed public employment other than as a member or officer in the classified service of the Police Department of Denver and for which public employment he was paid and accepted compensation.

The plaintiff filed a motion (a) to strike defendants' answer for the reason that it does not state a defense; (b) to dismiss defendants' first and second counterclaims for the reason that neither states a claim on which relief can be granted. Each of the above motions was granted; the defendants elected to stand upon their answer and counterclaims; whereupon judgment was entered in favor of the plaintiff and against the defendants. Said judgment contains the following:

"It is ordered * * * that defendants sign, approve and deliver to plaintiff all checks * * * withheld * * * or in lieu thereof that the plaintiff do have and recover of and from the defendants Thomas G. Currigan (substituted for William H. McNichols) as auditor of the City and County of Denver, a municipal corporation; City and County of Denver * * *; Police Pension and Relief Board * * *, and E. O. Geer (substituted for Charles J. Lowen and George T. Shank), Harry Brofman, Harold A. Dill, Maurice A. Pade, and Ivan Eldher as members thereof, the sum of eight thousand eight hundred dollars ($8800.00), and interest from June 3 [30], 1953, and together with his costs in this behalf laid out and expended to be taxed."

The City, in support of its defense of the statute of limitations, contends that C.R.S. '53, 87-1-11: "The following actions shall be commenced within six years after

the cause of actions shall accrue, and not thereafter:

(1)   All actions of debt founded upon any contract or liability in action," precludes the plaintiff from making any recovery.

■   The first installment sought to be recovered herein became due on January 1, 1949; the second on February 1, 1949; the third on March 1, 1949. Suit was filed March 25, 1955, more than six years after the above mentioned three payments became due, more than six years after the three causes of action thereon had accrued. Recovery thereof is barred. On March 25, 1955, less than six years before the fourth payment became due on April 1, 1949, this suit was filed and the statute is no bar to recovery of this fourth and all subsequent payments.

The trial court erred in striking in its entirety the City's plea of the statute of limitations. The plea was a good defense to the recovery of the first three payments only. The plea was not good as to the other payments.

■   Plaintiff contends that this action is in the nature of mandamus and that the statute of limitations does not apply in mandamus actions. Whether the action is in the nature of mandamus or an action of debt is immaterial insofar as the statute of limitations is concerned.

In 55 C.J.S., page 457, section 243, the general rule is stated:

"* * * Where the general statutes of limitation applicable to ordinary actions are held inapplicable to mandamus proceedings, as discussed in Limitations of Actions §102, the courts have frequently applied them, by analogy, to mandamus proceedings. While it is difficult to lay down any fixed rule as to the time when the writ will be barred, it may be said in a general way that it must be sought within the period fixed for that particular form of civil action or proceeding which may be brought to enforce the right which is the subject of the

writ; and it has been held that mandamus may be instituted at any time within that period; * * *."

In *Berkey v. County Commissioners,* 48 Colo. 104, 110 Pac. 197, we stated, and quote with approval:

"* * * Mandamus is, as we have already seen, the only remedy to compel payment. It logically follows then that this statute does not bar the remedy. To say otherwise would in effect permit that to be accomplished indirectly which may not be done directly. The limitation applicable to the bonds is applicable to the remedy. The statute not having run against the claim itself, the exclusive remedy by which it may be enforced ought not to be barred.

" 'The better considered doctrine, and that which is supported by the clear weight of authority, is that the statute of limitations which governs the subject matter or right in question, and which would bar an ordinary action at law for the enforcement of such right, applies also to proceedings in mandamus if it is enforced.' —High's Extraordinary Legal Remedies (3d ed.) 38, and cases cited."

The City next argues that the plaintiff, who had become totally disabled and was retired pursuant to Section 1574 of the 1927 Municipal Code, (1) retained his status as a member of the classified service and as a member or officer of the Denver Police Department, and (2) that the City Charter: *"311 Officers and employes may receive but one salary.* (Section 347) No officer or employe shall hold or enjoy any other public office or public employment for which he is paid any compensation * * *," precludes plaintiff from recovering the benefit payments in question.

We agree with the first contention as to plaintiff's status and have so held in *Police Pension and Relief Board, et al. v. Charles Behnke, et al.,* decided October 14, 1957, 136 Colo. 288, 316 P. (2d) 1025. We do not agree with the second contention. Plaintiff, at the time of his injuries, had his then status "totally disabled Police Officer"

determined by the Manager of Safety and Excise, who at that time was the only person clothed with authority to determine his status and direct payment of benefits; that status continued "* * * so long as the existence of such disability may from time to time be attested to in writing by two regularly certified practicing physicians *appointed by the manager of safety and excise* for the purpose of ascertaining the condition of such officer * * *." Sec. 1574, Municipal Code, 1927.)

There is nothing in the record to indicate that any steps were ever taken by the City to re-evaluate plaintiff's condition or to change his status under the 1927 Code and prior to June 1, 1947.

One June 1, 1947, a new charter was adopted for Denver, which purported to amend the 1927 Charter and Code. The 1947 Charter, Section 133, among other things provided for the appointment of a "Police Pension and Relief Board" to have "exclusive control of all matters pertaining to the granting of relief * * *." Provision was also made for the creation of a committee of five for the investigation of pensions and relief and to make reports to the board. This committee is required:

"(c) to investigate all relief cases and report to the board as often as may be necessary to enforce the provisions of this amendment."

There is nothing in the record to indicate that the board or this investigating committee provided for in the 1947 Charter has ever taken any steps to re-evaluate the plaintiff's disability or to alter his status with reference to his right to benefits. However, the City, through its authorized officers, took steps which resulted in the stoppage of plaintiff's benefits for the period January 1, 1949, to June 30, 1953. This action was arbitrary, without notice, without a hearing and without facts warranting the conclusion reached, and is wholly ineffectual.

Police officers seeking in the first instance to obtain pensions or benefits, or seeking to retain pensions or benefits previously granted, are entitled to notice and

a hearing prior to determination of their pensionable or relief status; the determination of the board is:

"Subject to review on appeal by the district court of the City and County of Denver." Section 133, 1947 Charter.

■ The charter makes ample provision and sets up adequate machinery for the orderly, constitutional and lawful determination at any time of the pensionable or benefit status of every member of the Denver Police force. The City, without recourse to these provisions, arbitrarily refused to make payments previously determined by it to be owing to plaintiff. Such action is devoid of factual sanction; lacks sanction of the Denver Charter; is without authority of law, and cannot be sustained.

■ The City contends that the plaintiff having accepted public employment thereby resigned as a member of the classified service and the Police Department.

In *Police Pension and Relief Board, et al. v. Charles Behnke, et al.,* supra, the Court stated that classified service rights could be lost by:

"Formal resignation or actions indicating *clearly* an intention to resign and inconsistent with continued membership; * * *."

Plaintiff's actions in seeking and enjoying public employment do not indicate clearly an intention to resign and as an incident thereof lose benefits which had been awarded him; rather, it indicates a laudible desire to supplement his *benefits* with *earnings* so that he and his family might enjoy living rather than existing. Clearly Section 311, above quoted, is not designed to cover the situation here presented. That section is designed to prevent a city officer or employee from holding more than one office or one job at the same time. The plaintiff, at the time he accepted employment immediately prior to January 1, 1949, was not an employee of the Denver Police Department; he was not on the City payroll. His benefits came from the Police Pension and

Relief Fund, a fund to which he, prior to his injuries, had contributed 1% of his salary, a fund to which subsequent to 1947 he had contributed 3½% *of his salary or of his compensation when on disability leave.* Plaintiff did not enjoy *other* employment; he did enjoy disability benefits previously awarded and never terminated.

*Currigan v. Flor,* 134 Colo. 92, 299 P. (2d) 1098, and our decision in *Police v. Behnke,* supra, are decisive of most points presented by counsel for the City and dispose of all questions urged with reference to the City's first counterclaim.

The City's second counterclaims was properly denied and for the reasons stated herein.

■ We find no authority for entering personal money judgments against any of the individual defendants. They acted only in their official capacities and, though answerable for their actions, did not become obligated to pay the debts of the City. Consequently, the judgment of the trial court imposing personal liability upon the individual defendants is in error.

■ The trial court erroneously awarded interest on the amount due. Creation of the Police Pension and Relief Fund, control and administration thereof by the City through the Board, the action of the City in supplying a sizable portion of the money going to make up the fund, are all a part of and are inextricably interwoven into the creation and maintenance of the Police Department of the City of Denver, and the exercise of control over the fund is a governmental function. Interest is not recoverable against a municipality on claims arising out of its actions in a governmental capacity. *Lindsley v. Denver.* 64 Colo. 444, 172 Pac. 707; *Montezuma County v. Wheeler,* 39 Colo. 207, 89 Pac. 50.

The judgment of the trial court dismissing the counterclaims of the defendants is sustained. The cause is remanded to the District Court with directions to set aside its judgment entered herein February 16, 1956, and to enter judgment nunc pro tunc as of February 16,

1956, in favor of the plaintiff and against the defendants, The City and County of Denver and the Police Pension and Relief Board of the City and County and Denver, for the amount of $8800.00, less such sums included therein as were awarded plaintiff for January, February and March of 1949, together with costs.

MR. JUSTICE KNAUSS not participating.