## No. 18,083.

JOHN C. FALLON *v.* W. F. NICHOLSON, AS MAYOR OF
THE CITY AND COUNTY OF DENVER, ET AL.

(316 P. [2d] 1054)

Decided September 23, 1957. Rehearing denied November 4, 1957.

Mr. DOUGLAS G. MCKINNON, for plaintiff in error.

Mr. JOHN C. BANKS, for defendants in error.

Mr. CHARLES D. BROMLEY, Amicus Curiae.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF in error will be referred to as Fallon and the Career Service Board as the board.

January 14, 1954, Fallon was employed in the off-street parking division of the Department of Improvements and Parks, and was classified as park unit manager No. 2. There were three employees in this classification, one who had been employed twenty-four months, Fallon, who had been employed twenty-two months, and another employee fifteen months. The director of the off-street parking division was supervisor of these employees. The operations were showing a loss and the manager of improvements and parks eliminated one parking unit manager. Fallon was notified that his position had been abolished and he was relieved of his duties.

Fallon appealed this decision of the manager to the board and alleged that the operations had shown a substantial increase; further alleged that there were personal differences that caused friction between the director of the off-street parking and himself; that after the director had failed to find some fault with Fallon's services upon which to base a discharge, he abolished the

position; and further alleged that he had not been given proper consideration as required by the career service rules.

After a hearing the board determined that the abolishment of the position was entirely right and was not done for the purpose of separating Fallon from the service, but that in separating Fallon from the service, it was contrary to the order of seniority and was made without sufficient evidence of lack of efficiency and it therefore ordered that Fallon be reinstated to his former position.

Following this action, defendants in error, the city, its mayor, manager of improvements and parks and the director of off-street parking, filed a certiorari action in the district court alleging that the career service board had exceeded its jurisdiction and acted arbitrarily in substituting its judgment of real proficiency for the judgment of the supervisor. Trial of this certiorari action was had and the court entered its order and judgment setting aside the order of the board for the reason that it had exceeded its jurisdiction.

A photostatic copy of the 1954 civil service amendment is to be found in the record and it clearly vests rule-making power in the career service board, which is not limited to a consideration as to whether the administrative head had used good or bad faith. The board can examine into all the pertinent facts, and the trial court, as well as this court, cannot consider whether the board's findings were right or wrong, nor interfere with its determination if there was competent evidence to support the action and order of the board, and a careful reading of the record discloses that there was ample competent evidence to support the board's action.

Counsel for defendants in error state that this case relates to the layoff of an employee for economy reasons, and that it is not a case of the discharge or dismissal of an employee; that the jurisdiction of the board is limited to an investigation to see that the layoff was made in good faith and not as a subterfuge to effect a

dismissal; further, that any other inquiry into the real proficiency of the employee laid off as compared to the proficiency of other employees would be an excess of its jurisdiction and amount to an interference with administrative functions which are given to the head of a department.

█ We must pause to point out the fallacy of this argument in that counsel state that this employee was laid off for economy reasons, thereby singling out the discharge of Fallon as being for the sake of economy, instead of stating fairly that a position was abolished, which left one of three employees out of a job and the question remaining to be determined was, who, under civil service regulations and the rules of the career service board, should be laid off, and it follows that if civil service means anything, it does mean that seniority is of first consideration.

We regret to state that the brief of defendants in error and the cases therein cited are beside the true point here involved.

█ It seems to be the contention of counsel, and also the belief of the trial court, that the action of the manager or director of the parking division is controlling. It is abundantly clear that the underlying purpose and intention of the people in adopting the career service amendment to the charter of the City and County of Denver was to eliminate the "spoils system" of appointments and dismissals and make the acts of the mayor and department heads, concerning their actions in such matters, subject to the review of the career service board. This was manifestly expressed by the terms of the amendment, and if there could be any ambiguity therein, it is our duty to discover, if possible, the intention of the people in framing the act, and to give such construction as will best effectuate the change intended.

The record is barren of any question being raised by counsel for defendants in error as to the jurisdiction of the board to review the acts of administrative officers.

When the trial court set aside the board's order in reinstating Fallon, on the ground that the board was without jurisdiction, it went beyond its scope as limited on certiorari. The judgment of the trial court is tantamount to depriving the people of the City and County of Denver of their exclusive power to amend their charter. The people had the power to adopt a charter and by the same token, had the power, by their vote to amend the charter, and they availed themselves of that right by adopting the career service amendment here involved.

That amendment, in section 7 thereof, expressly provides that the board shall have the power to review the actions of the mayor and heads of departments concerning retention, promotion and other actions during the interim period between the adoption of the amendment and the effective date.

 The right of appeal is a fundamental and undeniable right of an employee under civil service. If this is not true, civil service is useless and impotent. If an employee has earned a position of seniority, he is to be protected in that earned right by civil service, if it means anything at all, and in procuring and maintaining that protection, a hearing and opportunity to defend such earned rights is inherent in the entire process before such rights, or any part thereof, can be taken from the employee. The existence of the career service board is useless unless it be a refuge for a hearing for determination of an infringement of an employee's rights.

Pursuant to section 3 of the amendment, the career service authority adopted among others the following rules:

Section 12-23, subsections (a) and (b):

"Any person aggrieved by an action of an appointing authority resulting in dismissal, suspension, lay-off, retirement, or alleged discrimination because of race, color, creed, national origin or political opinion or affiliation, may, within ten calendar days of notice of such action, register his complaint with the Career Service

Authority. The Personnel Director shall make an investigation to determine the facts of the case. Following this investigation, he shall schedule a hearing with the Board, if the employe or applicant desires to be heard.

"Any person aggrieved by an action of an appointing authority resulting in any other alleged violation of the Career Service Charter Amendment, ordinances relating to the career service, or the personnel rules may, within thirty calendar days of notice of such action, register his complaint with the Career Service Authority. The Personnel Director shall make an investigation to determine the facts of the case. Following this investigation, he shall schedule a hearing with the Board, if the employe or applicant desires to be heard."

Section 12-40 of the career service rules is as follows:

"The Career Service Board shall make its findings on the basis of the evidence in the record. The Board may affirm or reverse the action appealed from. However where unusual circumstances appear to justify a modification of the action, the Board reserves the right to modify the action. All decisions of the Board shall be in writing and shall be sent to all interested parties."

It is true that the procedure for appeal and all the grounds therefor are not specifically provided for in the amendment, but section 3 of the amendment would be useless and impotent unless we hold that appeal and hearing de novo on the merits *is inherent in the very structure of civil service.*

We find that the board acted within and not in excess of its jurisdiction, therefore, when it had jurisdiction of the subject matter and of the parties, its judgment was, and must be, conclusive.

The amendment did not by the absence of specific language abrogate the underlying and fundamental right of an appeal and hearing. It only emphasized that right.

In consonance with the reasons herein stated, the judg-

ment of the trial court is reversed and the cause remanded with directions to affirm the order of the board.