## No. 18,890.

POLICE PENSION AND RELIEF BOARD AND EDWARD O. GEER,
ET AL. *v.* CHARLES BEHNKE, ET AL.

(353 P. [2d] 370)

Decided June 20, 1960.   Rehearing denied July 11, 1960.

Mr. HORACE N. HAWKINS, JR., for plaintiffs in error.

Mr. E. F. CONLY, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THIS is the second time this case has been before this court. Our previous decision is reported under the same title, in 136 Colo. 288, 316 P. (2d) 1025, decided October 14, 1957.

We there affirmed the judgment of the trial court which held that plaintiffs, disabled officers of the Denver Police Department, were entitled not only to original benefits granted, but also to additional benefits equal to one-half of all police pay increases after June 1, 1947.

Also affirmed was that portion of the judgment of the trial court which directed the Denver auditor to compute and approve for payment the amounts due each plaintiff on the basis above set forth.

On remand the auditor, in attempted compliance with said order, prepared and submitted to the trial court a:

"LIST OF PERSONS ENTITLED TO PAYMENTS PURSUANT TO JUDGMENT AND DECREE HEREIN; LIST OF PERSONS WHO IF LIVING WOULD BE ENTITLED TO PAYMENTS PURSUANT TO JUDG- MENT AND DECREE HEREIN, AND WHOSE HEIRS OR PERSONAL REPRESENTATIVES ARE ENTITLED TO SUCH PAYMENTS; AND COMPUTATION OF PAYMENTS DUE TO BOTH CLASSES OR LISTS OF SUCH PERSONS." (Exhibit A.)

To save duplication of effort the auditor placed on said exhibit computations concerning the amounts due to widows of deceased members of the Denver Police De- partment.

Following the filing of such list and exhibit, hearing was held with reference thereto, and the trial court, on September 4, 1958, entered its second judgment wherein (a) the City was denied the right to deduct as contribu- tions to the pension fund $3\frac{1}{2}\%$ from payments accruing prior to January 4, 1957; (b) it was determined that

widows of deceased members were entitled to benefits equal to one-third of the member's pay computed on the rank held at the time of death, together with increases, and (c) that members and their widows were not entitled to interest on said amounts.

The City is here by writ of error seeking reversal of the trial court's holdings in (a) and (b), supra. The pensioners assign as error the trial court's refusal to award interest.

On May 20, 1947, an amendment to the Denver charter was adopted which provided, among other things, that:

"3. Each and every member of the Denver Police Department in the classified service shall contribute [to the relief fund] $3\frac{1}{2}\%$ of his salary or of his compensation when on disability leave.

\* \* \*

"This amendment shall become effective June 1, 1947, and shall apply to all members of the Denver Police Department in the classified service as of said date, to all members entering such service after said date, and to all members of said department who have been granted pensions heretofore."

Now, for the first time, the City seeks to assert its demand for the $3\frac{1}{2}\%$ deduction, not only from amounts now unpaid, but also from *all* amounts which have been paid to disabled and retired members of the department since June 1, 1947.

The auditor in column (1) of his report shows the total amount (without deductions) due each member because of increases in pay. These amounts are not disputed. In column (2) is shown the net amount due each member after the $3\frac{1}{2}\%$ deduction. The amounts in column (2) are about $20\%$ less than the amounts shown in column (1). This deduction of approximately $20\%$ instead of $3\frac{1}{2}\%$ arises out of the fact that the auditor has deducted $3\frac{1}{2}\%$ of all payments made subsequent to June 1, 1947, together with $3\frac{1}{2}\%$ from the increases due and unpaid.

368

■ In the original *Behnke* case the City filed its counterclaim seeking to recover back amounts that it claimed had been mistakenly paid to members. That counterclaim was denied and the right of the City to recover back anything paid has been finally adjudicated and cannot now be reasserted in computing the net amounts due claimants. In seeking deduction of $3\frac{1}{2}\%$ from payments *made*, the auditor is without authority.

The right of the City to deduct $3\frac{1}{2}\%$ from amounts *unpaid* is clearly set forth in the charter, the same charter through which claimants derive their rights to increases reflected in column (1) of the auditor's report. Column (2) should show the amounts set forth in column (1) less $3\frac{1}{2}\%$ thereof.

Counsel for Denver next urge that:

"The judgment is erroneous in that (a) it purports to adjudicate the rights of widows of former members of the police department, and such widows are not members of the class represented by the named defendants in error, (b) it incorrectly adjudicates the rights of such widows."

In other words, the City refuses to acknowledge the status of the widows of the members involved, if now deceased, as their "heirs."

■ The stipulation and agreed statement of fact made a part of this record show that the suit was brought by named plaintiffs and all others similarly situated, and that the phrase "all persons similarly situated" is intended to and shall include the *heirs*, executors and administrators of persons who on June 1, 1947, were similarly situated to the named plaintiffs. It is elementary that a widow is included in the general term "heirs." The widow's rights, being a part of the member's rights, and flowing directly from him, are necessarily adjudicated in a decision which declares the method to be used in calculating payments to be made to members and in succession, their widows.

Turning now to the question of interest, the trial court's judgment provides:

"As of January 4, 1957, the date of this District Court's original judgment herein, the amount due each such person, widow, or estate, was as indicated in column (3), and judgment in such amount is entered as of such date. Such judgment is included in the judgment of June 1, 1958, here entered, and it is specifically adjudged that no interest shall be allowed on the judgment as of January 4, 1957, nor on the additional amounts included in the judgments entered as of June 1, 1958."

In other words, the trial court refused to allow interest on the unpaid amounts as they became due plaintiffs monthly, or on the judgment of January 4, 1957, when the auditor was first directed to make computations in accordance with the trial court's judgment of that date, the judgment of June 1, 1958, or the judgment of September 24, 1958. This is assigned as error by the pensioners and pensioners' widows.

In *Currigan v. Stone,* 136 Colo. 326, 317 P. (2d) 1044, it was held that:

" * * * Interest is not recoverable against a municipality on claims arising out of its actions in a governmental capacity. * * *."

Thus it appears that interest is not recoverable on the claims from the date they arose.

However, the rights and duties of the parties were adjudicated and determined as of January 4, 1957. True, the amount due each plaintiff was not then determined in exact dollars and cents. However, the formula for such determination was pronounced and computation of the amounts involved ministerial, rather than judicial, duties. Plaintiffs each had a money judgment and each was entitled to statutory interest thereon.

"Creditors shall be allowed to receive interest * * * at the rate of six per cent per annum * * * on any judgment recovered before any court * * * authorized to enter the same within this state, from the day of enter-

ing said judgment until satisfaction thereof be made; * * *." — C.R.S. '53, 73-1-2.

The trial court erred in denying interest on the amounts due on January 4, 1957, and amounts becoming due on said judgment subsequent to the date thereof.

The judgment is reversed and the cause remanded to the trial court with instructions to modify its judgment to conform to the views herein expressed.

MR. JUSTICE MOORE, MR. JUSTICE FRANTZ, and MR. JUSTICE DOYLE not participating.