No. 19,787.

GILBERT SPAUR *v.* CITY OF GREELEY.

(372 P. [2d] 730)

Decided June 25, 1962.

Messrs. CLAYTON and GILBERT, Mr. DAVID B. EMMERT, for plaintiff in error.

Messrs. YEGGE, HALL and SHULENBURG, Mr. RAYMOND J. CONNELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

SPAUR brought suit in the county court of Weld County against the City of Greeley, hereinafter referred to as the City, for damages to his Liscomb aircraft.

It appears that the airplane, in good flying condition, was parked at the city's municipal airport on April 23, 1960, when a windstorm came up. A city employee, to make the plane more secure, adjusted the position of the plane and its moorings which had earlier been furnished by the city. Notwithstanding, the plane was blown loose and damaged to the extent of $1300.00. Later examination disclosed that the ropes furnished by the city for mooring purposes were old and worn and had not held fast after readjustment.

The complaint alleged that the city through its airport manager or agent offered services and maintenance for pay to the public and specifically to Spaur; that this included parking facilities for planes with the necessary ropes and tie down stakes; that the city was a bailee for hire and owed those using such facilities the duty of ordinary care to prevent damage to private planes moored at its airport; that the city was negligent in the manner in which it cared for his plane. The complaint thus alleged a contract (a bailment) which required a duty of due care by the city and alleged a breach of that duty.

The record discloses that Spaur was nonsuited in the county court, and on appeal to the district court a like result obtained on the ground that his complaint failed to state a claim upon which relief could be granted. No specific reasons for such conclusion were given by either trial court. He now seeks relief by way of writ of error.

From the briefs and oral argument in this court it appears that a claim of sovereign immunity was the basis for the dismissals in the trial court.

Spaur asserts that:

"1. The operation of a municipal airport is not such a governmental function as gives the municipality immunity from tort liability.

"2. The complaint alleges a breach of a contract of bailment and a municipality is not immune from liability for breach of a contract."

We will consider his points in reverse order.

Since our decision in *Ace Flying Service, Inc. v. Colo. Dept. of Agriculture,* 136 Colo. 19, 314 P. (2d) 278 (1957), it has been clear that sovereign immunity no longer exists as to contracts of the state government. The same rule, of course, applies to local governmental units. Spaur's complaint expressly alleged the necessary grounds of a bailment and on this alone he is entitled to a reversal.

As to whether the municipal operation of an airport is such a governmental function as to exempt it from tort liability, a different question is presented, which we need not decide at this time.

The judgment is reversed and the cause remanded with directions to reinstate the complaint and proceed to trial on the merits.

Mr. Justice Hall and Mr. Justice Pringle concur.