No. 24268.

THE CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION *v.* ARTHUR D. THOMAS, GEORGE C. LEMLEY, AND JACK E. CANTLEY, INDIVIDUALLY AND AS REPRESENTATIVES OF ALL OTHER PERSONS SIMILARLY SITUATED.

No. 24292.

FRANK J. DEVINE AND WILLIAM R. HEDENSKOG FOR THEMSELVES AND FOR ALL OTHER PERSONS SIMILARLY SITUATED *v.* CHARLES D. BYRNE AS AUDITOR OF THE CITY AND COUNTY OF DENVER, CHARLES L. TEMPLE AS MANAGER OF REVENUE OF THE CITY AND COUNTY OF DENVER, AND THE CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION.

(491 P.2d 573)

Decided December 13, 1971.

Max P. Zall, City Attorney, James H. Snyder, As-

sistant, for plaintiff in error in Case No. 24268 and defendants in error in Case No. 24292.

HOFFMAN, GOLDSTEIN & ARMOUR, a Professional Corporation, ALAN A. ARMOUR, for defendants in error in Case No. 24268 and plaintiffs in error in Case No. 24292.

*In Department.*

Opinion by MR. JUSTICE GROVES.

IN this class action, the policemen and firemen of Denver sought a ruling that they are entitled to workmen's compensation benefits, in addition to their full salaries which are payable during the first year of disability. The trial court entered a summary judgment in favor of the police and against the firemen. Denver sued out a writ of error as to the policemen, and the firemen seek reversal by a separate writ. We have consolidated the two writs of error, and we affirm except with respect to the payment of interest.

I.

Our Workmen's Compensation Act had always provided that compensation benefits may not be assigned. In 1963 the following exception was added:

"[P]rovided, that where any employer who is subject to the provisions of this chapter and who, by separate agreement, working agreement, contract of hire, or by any other procedure, continues to pay the full wages to any employee temporarily disabled as a result of any injury arising out of and in the course of his employment, said employer shall be reimbursed ... to the extent of all monies that such employee may be eligible to receive as compensation ... subject to the approval of the commission." C.R.S. 1963, 81-13-7(2).

The charter of the City and County of Denver has provided that both policemen and firemen are entitled to full salary during the first year of disability attributable

to their employment. A 1947 charter amendment, re-lating to the police only, continued the right of the police to receive such full pay, and stated that the "benefits provided for in this amendment shall be in addition to, and not in lieu of, any benefits that may be provided by any state compensation act." Denver Charter § C5.43-6.

As to policemen the statutory provision for payment of compensation benefits to the employer is overridden by the charter provision. The charter in effect states that any benefits received by the city shall be paid by it to the employee involved. While the subject of workmen's compensation may be a matter of state-wide concern, the disposition made by a home rule city of benefits received is certainly a local and municipal matter. Colo. Const. art. XX, § 6.

II.

As to firemen, there is no provision comparable to that contained in § C5.43-6. The charter provisions providing for full pay establish a "procedure" as that term is used in the above quoted portion of the statute. The result is, therefore, that the statute governs with respect to the firemen and, assuming that the Industrial Commission approves, the city is entitled to the compensation benefits.

III.

We find without merit the other assignments of error relating to whether or not police and fire department personnel are entitled to workmen's compensation benefits in addition to their full salary.

IV.

The police contend they are entitled to interest upon the compensation benefits diverted by the city from the time of diversion. The trial court ruled adversely to the claim of the police. The city contends that interest is not payable because the city was acting in a governmental capacity. It cites *Police Board v. Behnke,* 143 Colo. 365, 353 P.2d 370 (1960) and *Currigan v. Stone,* 136 Colo. 326, 317 P.2d 1044 (1957). The police contend

that interest is payable under the holding in *Stone v. Currigan,* 138 Colo. 442, 334 P.2d 740 (1959). We have concluded that this matter is governed by *Ace Flying Service v. Colorado,* 136 Colo. 19, 314 P.2d 278 (1957), and the interest statute. C.R.S. 1963, 73-1-2. The holding in *Ace Flying Service* was that, in entering into a contract for services to be rendered by the flying service, the state laid aside its attributes of sovereignty and became liable just as an individual would be liable. The same is true with respect to a contract made by a city. *Spaur v. Greeley,* 150 Colo. 346, 372 P.2d 730 (1962) ... The provisions of Denver Charter § C5.43-6 constitute a part of the contract under which the police were employed. *Police Board v. McPhail,* 139 Colo. 330, 338 P.2d 694 (1959). The defense of governmental immunity, therefore, was not available to the city.[1] The interest statute provides that:

"Creditors shall be allowed to receive interest ... on money received to the use of another and retained without the owners' consent, express or implied, from the receipt thereof...."

We hold that this portion of the interest statute is applicable and the police are entitled to interest.

Judgment affirmed, except that the court's ruling as to interest is reversed and the cause remanded with directions that a judgment for interest be entered.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.

---

[1] Evans v. Board of County Commissioners, 174 Colo. 97, 482 P.2d 968 (1971), overruling court-made governmental immunity as to torts, is prospective in its operation, being effective on July 1, 1972, except as to the three cases involved.