MR. JUSTICE HODGES
delivered the opinion of the Court.
Certiorari was granted to review the decision of the Colorado Court of Appeals in Fleming v. State Civil Service Commission of Colorado, 31 Colo. App. 463, 506 P.2d 158. In that case, the Court of Appeals held that respondent Fleming has a statutory right under C.R.S. 1963, 94-1-35 to reinstatement as a state civil service employee after 16 years in military service. We reverse the judgment of that case, and hold that a correct interpretation of this statute precludes the reinstatement of this respondent.
The facts which are pertinent in the resolution of the issue involved are set forth as follows. On July 1, 1947, respondent Fleming became a civil service employee in the Department of Revenue of the State of Colorado. He was a member of the Air Force Reserve, and in connection with the Korean emergency, was ordered to report for active military service effective March 9, 1951 for an indefinite period. He was granted indefinite military leave without pay from his state employment. By executive order of the President of the United States, combat activities in Korea were terminated as of January 31, 1955. The record reveals, and the Court of Appeals’ opinion states, that Fleming’s continued service in the armed forces was “voluntary” in that he could have requested and obtained his release anytime after July 30, 1952. Nevertheless, he continued to serve in the military forces until June 30, 1967 when he retired with the rank of lieutenant colonel.
*73 He thereupon sought reinstatement to his former position as a civil service employee of the State of Colorado. The State Civil Service Commission of Colorado (Commission) after a hearing denied Fleming’s request for reinstatement. He thereupon initiated a district court ’ action against the Commission seeking
“An order, judgment and decree reinstating plaintiff in the position he held when he was granted military leave or to a position of like seniority, status and pay as if he had not been granted such leave but had remained in his position in the state.service as a certified civil service employee.”
Fleming’s complaint also alleged that on September 8, 1967, he was entitled to be reinstated in his former position at a monthly salary of $975 and that he is therefore entitled to a judgment which will provide him with an amount equal to the salary he would receive from September 8, 1967 to the date of the entry of judgment. On August 26, 1971, the district court entered a judgment in favor of Fleming and ordered the Commission to reinstate him and to hold a hearing to determine the amount of back pay to which he is entitled. It is this judgment which was affirmed by the Court of Appeals in Fleming v. State Civil Service Commission of Colorado, supra.
The Court of Appeals held that C.R.S. 1963, 94-1-35 gave Fleming a statutory right to reinstatement under the facts of this case. We do not agree with this interpretation. In pertinent part this statute provides:
“Subject to the conditions hereinafter prescribed, any officer or employee of the state .. ., who engages in active military service in time of war or other emergency declared by proper authority of the state or the United States, for which leave is not otherwise allowed by law, shall be entitled to leave of absence from his public office or employment without pay during such service with right of reinstatement as hereinafter provided.”
On December 16, 1950, President Truman issued Proclamation No. 2914 declaring a national emergency because of the events in Korea. Until the present time, there *74 has been no presidential declaration that this national emergency has ended and until there is such a declaration, this national emergency involving Korea, still technically exists even though the combat activities were declared terminated by the President in 1955. On this basis, the Court of Appeals’ opinion holds that since this national emergency has not been declared as terminated, Fleming must be reinstated under the requirement of this statute. To the contrary, we interpret this statute to mean that a public employee who goes into active military service in time of declared war or other emergency is entitled to leave without pay status, but only so long as the war or emergency actually exists.
This statute does not specify when such entitlement to leave without pay terminates. In other words, the statute does not state that the same kind of declaration which activates its operation is required to deactivate it. However, in our view, it is implicit in this statute that its benefit is not to continue during periods when this country is not engaged in any war or other emergency which requires our military intervention. After the cessation of active combat or the condition requiring military intervention, it is clear that it was intended that this statute become non-operative.
The provisions of 1971 Perm. Supp., C.R.S. 1963, 26-2-1 and 26-2-2 are operative at all times as to state civil service employees who enter military service regardless of whether or not there exists a war or other national emergency. These provisions of law assert that reinstatement is contingent upon the employee returning to state employment within one year after the period of initial service or additional service imposed by law. These 1971 statutes do not allow any former public employee to voluntarily make a career in the military service until retirement therefrom, and then after termination of his self-chosen military career, to return to state employment and be awarded all the rights and privileges that would have accrued if he had never left his state civilian employment.
It appears convincingly evident that these 1971 statutes *75 are a demonstration of the statutory scheme involved in providing leave without pay status to public employees.
Although C.R.S. 1963, 94-1-35 is non-specific as to when a public employee must return to state employment, this statute must be viewed in the light of what was the obvious statutory scheme which motivated its enactment in 1955. Clearly, the legislative intent was to provide a benefit to career public employees who went into active military service on a temporary basis in time of war or other emergency declared by proper authority. Such public employees by the provisions of C.R.S. 1963, 94-1-36, must make written application for reinstatement within a period not to exceed one year and ninety days after the conclusion of their temporary military service.
Where a statute is non-specific on a point which, nevertheless, is obvious on the basis of the clear statutory scheme involved, it is proper for a court to express it. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. That case involved the Motor Vehicle Safety Responsibility Act of the State of Georgia, the provisions of which required the suspension of a driver’s license of any person involved in an accident who did not carry liability insurance or did not post a security bond. The Georgia Act was non-specific as to whether the liability of the licensee was also a criteria to be considered when determining whether or not the driver’s license should be suspended. In Bell, the Supreme Court of the United States in effect held that in looking at the State of Georgia’s statutory scheme, it was clear that the liability of the driver actually played a crucial role when a determination is to be made as to whether or not the driver’s license shall be suspended.
In our resolution of this case, we believe it is unnecessary to discuss at length the holding of Dies v. City and County of Denver, 174 Colo. 217, 483 P.2d 378 except to state that insofar as it makes any pronouncement that the national emergency involving Korea had officially ended, we disaffirm it.
The judgment of the Court of Appeals is reversed and this *76 case is remanded for the purpose of showing a trial court affirmance of the Civil Service Commission’s order denying this respondent’s reinstatement as a civil service employee of the State of Colorado.
MR. JUSTICE GROVES dissents.