**LUTHERAN HOSPITAL & HOMES SOCIETY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Mary K. Conyers, Respondents.**

**No. 85CA0635.**

Colorado Court of Appeals, Div. II.

Oct. 17, 1985.

C. Gordon Dickinson & Associate, C. Gordon Dickinson, Sterling, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No appearance for respondent Mary K. Conyers.

KELLY, Judge.

This unemployment compensation matter is before us for consideration of the response of the Lutheran Hospital and Homes Society (employer) to this court's order to show cause. Upon consideration of the response, we conclude that the employer's petition to review was not timely filed and, therefore, dismiss the petition.

On April 12, 1985, the Industrial Commission entered a final order holding that Mary K. Conyers (claimant) is entitled to a full award of unemployment compensation benefits. The order bears a certificate of mailing indicating that a copy was mailed to the employer and its counsel on April 12. Further, the order contains the following notice:

> "This order is final unless, in accord with Colorado Revised Statutes, section 8–74–107(2) (1984 Cum.Supp.) a notice of appeal is filed in the Colorado Court of Appeals ... within twenty (20) days from the date of its issuance, *together with* a certificate showing service of a copy of said notice of appeal on the Commission ... and on all parties who appeared in the administrative proceedings." (emphasis added)

On May 3, 1985, the employer filed with this court a petition to review the Commission's April 12, 1985, order. On August 29, 1985, we issued an order to show cause why the petition to review should not be dismissed for the reason that it was filed more than 20 days after the Commission issued its order. *See* § 8–74–107(2), C.R.S. (1984 Cum.Supp.).

In response, the employer states that it did not receive a copy of the order until April 15. The employer argues that April 15 became the date of "notification" of the Commission's decision and, therefore, the petition was filed within 20 days as re-

quired by statute. We reject this argument.

## I.

Section 8–74–107(2) provides that actions to set aside final orders of the Commission "shall be commenced by filing in the court of appeals within twenty days a notice of appeal...." This provision differs slightly from the prior law which provided that actions were to be commenced "within twenty days after notification of the final decision." *See* Colo.Sess.Laws 1984, ch. 60 at 318. Neither the current nor the previous law specifically define when, for purposes of appellate review, the 20 days begin to run. *See In re Claim of Lowery v. Industrial Commission,* 666 P.2d 562 (Colo.1983) (decided prior to 1984 amendment, and holding that the 20 days commence upon "notification").

We conclude, upon examination of the entire statutory scheme, that the 20-day period commences to run when the Commission mails its final order. In so doing we rely upon the rule that "where a statute is non-specific on a point which, nevertheless, is obvious on the basis of the clear statutory scheme involved, it is proper for a court to express it." *State Civil Service Commission v. Fleming,* 183 Colo. 71, 514 P.2d 1135 (1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

Pursuant to § 8–74–104(1), C.R.S. (1984 Cum.Supp.) the Commission is required to provide a copy of its decision to the parties. One purpose of providing the decision is to "trigger the 20-day period for filing an action for review." *Scofield v. Industrial Commission,* 697 P.2d 815 (Colo.App.1985).

That the 20-day period is triggered by mailing, rather than receipt of the order, is clear from § 8–74–106(1)(a), C.R.S. (1984 Cum.Supp.) governing appeals within the division and to the Commission. This provision requires a party dissatisfied with the decision of a deputy, hearing officer, or the initial decision of the Commission to file a petition to review within fifteen days after "notification of such decision." The stat-

ute further provides that "the date of notification shall be the date of personal delivery, or the date of mailing of a decision." In the absence of express statutory provisions to the contrary, we do not think the General Assembly intended a different procedure to apply in appeals from the Commission to this court.

Furthermore, this interpretation of § 8–74–107(2) is consistent with that of the Commission, and we are obliged to give great weight to its interpretation of the statute. *Auto Damage Appraisers, Inc. v. Industrial Commission*, 666 P.2d 1113 (Colo.App.1983). The Commission's order admonished the employer that, pursuant to § 8–74–107(2), the notice of appeal was required to be filed within 20 days of the date the order was issued. Issuance of an order has traditionally been interpreted to mean the date of mailing. *See Washburn v. Industrial Commission*, 153 Colo. 500, 386 P.2d 975 (1963); *Patterson v. Industrial Commission*, 39 Colo.App. 255, 567 P.2d 385 (1977).

## II.

■ The employer argues that even if the April 12 mailing commenced the 20-day period, C.A.R. 26(c) entitled it to an additional 3 days to file the petition. We disagree.

C.A.R. 3.1 provides that: "Appeals from orders and awards of the Industrial Commission ... shall be in the manner and within the time prescribed by statute." Hence, C.A.R. 3.1 precludes the application of C.A.R. 26(c) because the time for filing is predicated on the applicable statute, not the appellate rules. *See Trujillo v. Industrial Commission*, 31 Colo.App. 297, 501 P.2d 1344 (1972). Section 8–74–107(2) does not contain any provision permitting additional time to file a petition for review when the Commission's final order is served by mail.

Based on the foregoing, it is apparent that the employer's petition to review was filed one day late. Because the employer failed to follow the statutorily mandated procedure, this court lacks jurisdiction and the petition to review must be dismissed. *Scofield v. Industrial Commission, supra.*

The petition to review is dismissed.

BABCOCK and METZGER, JJ., concur.