No. 20,622.

DANIEL W. WASHBURN *v.*
INDUSTRIAL COMMISSION OF COLORADO, ET AL.
(386 P. [2d] 975)

Decided November 18, 1963.     Rehearing denied December 9, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JAMES D. McKEVITT, Assistant, for defendants in error Industrial Commission of Colorado and Department of Employment of Colorado.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the trial court. We refer to plaintiff in error as the plaintiff and to the defendants in error by name or as defendants.

On October 31, 1961, plaintiff, who had for many years been an employee of the Veterans Administration, and having reached the age of seventy, was retired from the

service and "GRANTED AN ANNUITY AS A RETIRED EMPLOYEE OF THE UNITED STATES GOVERNMENT" (monthly rate $389.00).

On November 1, 1961, plaintiff filed with the Department of Employment Security (hereinafter referred to as the Department) his claim for unemployment benefits.

This claim was, as provided by C.R.S. '53, 82-5-2, referred to "the deputy" for initial determination. On March 12, 1962, the deputy found the claim to be without merit and denied the same.

The plaintiff sought review of this determination and hearing was had before a referee of the department on June 5, 1962. On June 18, 1962, the referee affirmed the decision of "the deputy," and stated:

"This claimant has received a retirement annuity of $389.00 per month for every month beginning with November, 1961. As this retirement pay exceeds his weekly benefit amount under the Colorado Employment Security Act, the claimant is not eligible for any payments of benefits under the Employment Security Act. The Decision of the Deputy is affirmed."

Plaintiff promptly sought review of the referee's decision and on July 23, 1962, the Department of Employment Security affirmed the referee.

Plaintiff, within the time limit and as provided by C.R.S. '53, 82-5-10, petitioned for review of the July 23, 1963, order of the department. This petition was denied by the department on August 6, 1962, and notice thereof mailed to plaintiff on August 8, 1962. The order denying this petition, among other things, stated:

"If you wish to file further appeal, you may petition the District Court of the County in Colorado where the claim for benefits was filed, or of the City and County of Denver, Colorado, for a review of the Commission's Decision, within twenty (20) days of the date of the Commission's Review Decision, or before August 28, 1962."

On September 20, 1962, the plaintiff filed his complaint

in the District Court. In his complaint he alleges that he is entitled to unemployment benefits since November 1, 1961, and that the rulings of the department are erroneous and should be reversed.

The defendants filed motions to dismiss plaintiff's complaint for the reason that the plaintiff had not commenced his action within twenty days of the final decision of the department.

Defendants' motions were sustained and plaintiff's complaint dismissed.

Plaintiff is here by writ of error seeking reversal.

The only question presented for our determination is the correctness of the order dismissing the complaint for the reason that it was not filed within the time provided by statute.

As pointed out above, the "Review Decision" was made August 6, 1962, copy mailed August 8, 1962, wherein plaintiff was notified of the time for filing an action for review.

One seeking to exercise a statutory right of review or appeal must follow and comply with the procedures prescribed. Clearly plaintiff, in filing his complaint forty-three days after the "Review Decision," which he sought to have reviewed, has not acted in apt time and the trial court properly sustained the motions to dismiss.

In *Bryant v. Hayden Co.*, 111 Colo. 93, 137 P. (2d) 417, this court stated that one seeking judicial review of a final order of the department must commence his suit within thirty days of the date on which a copy of the final order was mailed to the person seeking review.

It appearing from the record that the suit was commenced forty-three days after mailing to plaintiff a copy of the final department order, the trial court correctly sustained the motions to dismiss.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.