501 P.2d 1344 (1972)
Ernest P. TRUJILLO, Petitioner,
v.
The INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado) and The Denver Brick and Pipe Company, Respondents.
No. 72-221.
Colorado Court of Appeals, Div. I.
September 19, 1972.
Charles T. Flett, Arvada, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., for respondent Industrial Commission.
Holme, Roberts & Owen, Richard L. Schrepferman, Denver, for respondent Denver Brick and Pipe Co.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Petitioner, Trujillo, seeks review of a final order of the Industrial Commission, ex-officio Unemployment Compensation Commission, which granted petitioner No Award of unemployment compensation benefits. The respondents have moved to dismiss on the ground that this court is without jurisdiction since the prescribed statutory procedures were not followed. We agree, and grant the motion.
The procedure for review of final orders of the Industrial Commission is set forth in the statutes. 1969 Perm.Supp., C.R.S. 1963, 82-5-11, provides that such review "must be commenced within twenty days after the final findings or decision of the commission," and may be secured by "commencing an action in the court of appeals. . . in the same manner as reviews *1345 are now provided by law in workmen's compensation cases."
The pertinent workmen's compensation law thus referred to is contained in 1971 Perm.Supp., C.R.S.1963, 81-14-7 and 81-14-10. These sections provide that the action must be commenced within twenty days after the date of the final order; that the action shall be commenced by the serving of a petition for review on the commission which petition shall state the grounds upon which review is sought; that all adverse parties must be served with a copy of the petition, and that the petition shall be filed with the Court of Appeals within ten days after service on the commission. The Colorado Appellate Rules provide at C.A.R. 3.1(a), "Appeals from orders and awards of the Industrial Commission. . . shall be in the manner and within the time prescribed by statute.. . ."
Although the final order of the commission referred petitioner to "C.R.S.1963, 82-5-11, as amended," the above procedure was not followed. Instead, on June 12, 1972, the last day for commencing his review, petitioner filed with the commission a notice of appeal. Then on July 7, 1972, petitioner mailed a copy of a petition for review to the commission; it was received on July 13, 1972. The petition was filed in this court on July 10, 1972.
The rule requiring the filing of a notice of appeal, C.A.R. 3(a), has no application to the review of orders of the Industrial Commission. That rule provides, as pertinent here, "An appeal permitted by law from a trial court to the Appellate Court shall be taken by filing a notice of appeal . . . ." (Emphasis added). There is no authority in the Rules or Statutes for the filing of a notice of appeal in proceedings in the appellate court for review of final orders of the Industrial Commission. Therefore, the notice is inoperative for any purpose. See Fraka v. Malernee, 129 Colo. 87, 267 P.2d 651. That filing, being a nullity, did not extend the time prescribed by the statute, for commencing the review.
The petition was not received by the commission until fifty days after the date of the order. "One seeking to exercise a statutory right of review or appeal must follow and comply with the procedures prescribed." Washburn v. Industrial Commission, 153 Colo. 500, 386 P.2d 975. Failure to do so deprives this court of jurisdiction. Industrial Commission v. Plains Utility Co., 127 Colo. 506, 259 P.2d 282; Gerber v. Homes, 28 Colo.App. 210, 471 P 2d 428.
Petition for review dismissed.
PIERCE and SMITH, JJ., concur.