579 P.2d 1171 (1978)
Ronald I. SCHENK, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Respondent.
No. 77-396.
Colorado Court of Appeals, Division II.
January 26, 1978.
Rehearing Denied March 2, 1978.
Certiorari Denied June 5, 1978.
*1172 Lee Allen Hawke, Boulder, for petitioner.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Bruce C. Bernstein, Sp. Atty. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
SMITH, Judge.
The petitioner, Ronald Schenk, seeks review of an order of the Industrial Commission denying him thirteen weeks of unemployment compensation benefits following his termination as an employee of the post office. We affirm.
When petitioner was discharged on August 20, 1976, for failing to come to work, he applied for unemployment benefits. At a hearing before a referee of the Division of Employment, Mr. Schenk introduced evidence to the effect that working conditions at the post office had become intolerable for himthat he was the subject of abuse at the hands of his fellow employees, which ranged from verbal taunts to the stealing of petitioner's lunch pail.
The referee concluded nonetheless that the petitioner had been responsible for his own termination, and benefits were therefore denied. On appeal to the Industrial Commission, and again on reconsideration by the Commission, the referee's decision was upheld.
Petitioner here asserts that the decision of the Commission is not supported by the evidence. The respondent Industrial Commission claims that we need not reach that issue since there was a failure by the appellant properly to perfect his petition for review, and this court is consequently without jurisdiction.

The Jurisdictional Issue
The Industrial Commission's jurisdictional claim is based on § 8-74-107, C.R.S.1973 (1976 Cum.Supp.) of the Employment Security Act, which provides that appeals of "any final decision of the commission shall be commenced in the court of appeals within twenty days after notification of the final decision." The Commission contends that since the final decision was rendered on March 31, 1977, and since the Court of Appeals received the petition for review on April 25, 1977, the petitioner has failed to comply with the above statute. This argument presumes that an appeal, under § 8-74-107, C.R.S.1973 (1976 Cum.Supp.) is commenced by filing the petition with this court.
However, the statute, as presently written does not delineate the act required to "commence" a review action in this court; language to this end was deleted in a 1976 amendment. Prior to 1976, the statute provided that a review would be conducted "in the same manner as reviews are now provided by law in workmen's compensation cases." Section 8-74-109, C.R.S.1973. The applicable Workmen's Compensation statute provided then, as it does now, that such review proceedings "shall be commenced by. . . service of the petition [for review] upon the commission. The petition shall be filed with the court of appeals within ten days after such service." Section 8-53-110(1)(b), C.R.S.1973 (emphasis added). See Trujillo v. Industrial Commission, 31 Colo. App. 297, 501 P.2d 1344 (1972). See generally C.A.R. 4.
*1173 The General Assembly, when it amended the statute relating to Employment Security, did not indicate that it desired review proceedings to be initiated in any different way than they have been in the past. When we consider the fact that the Industrial Commission is the administrative agency responsible for determining both Workmen's Compensation cases and Employment Security cases, such as the instant one, we can hardly infer from the legislative silence of § 8-74-107, C.R.S.1973 (1976 Cum.Supp.), that different sets of appellate procedures were intended. We conclude, therefore, that actions to review determinations of benefit claims under the Employment Security Act are still "commenced" in the same way as before, viz: the service of a petition for review upon the Commission.
Along the same line, the deletion, in the 1976 amendment, of any reference to the review mechanics provided by the Workmen's Compensation Act also leaves us with no guidance as to the time period within which a petitioner must follow up his commencement, by filing his petition for review with the Court of Appeals itself. Again, when we look at the alternatives, we are convinced that no change was intended from the pre-1976 statute. We simply cannot presume that the General Assembly meant to leave the filing of the petition in the Court of Appeals as an open-ended matter, resting in the discretion of the petitioner. After all, one of the elements which permeates the Industrial Commission statutes is that of speed. See C.A.R. 3.1; § 8-1-137, C.R.S.1973; § 8-74-107(5) C.R.S. 1973 (1976 Cum.Supp.). Therefore, we conclude that the same ten day period for filing with the court was envisioned by the drafters of the amendment. Accordingly, we hold that under § 8-74-107, C.R.S.1973 (1976 Cum.Supp.), an action to review orders of the Commission under the Employment Security Act requires that the petition for review must be served on the Industrial Commission within 20 days of the order, and that to perfect the appeal a copy of such petition for review must be filed with the Court of Appeals within 10 days of service on the Commission.
Looking to the instant case, then, we see that the Industrial Commission's ruling was entered and mailed to the parties on March 31, 1977. According to § 8-74-107, C.R.S.1973 (1976 Cum.Supp.), as interpreted above, this court has jurisdiction if the Industrial Commission received service of the petition for appellate review by April 20, 1977. The record is ambiguous as to the date upon which this petition was received. Several stamped dates appear on the copy of the petition for review that was served on the Commission and which appears in its file: two of them carry some indicia of formality, such as the initials of the party receiving the notice, and these both say "April 21"; however, the third says "April 19," and stands without anything to clarify it.
We recognize that the petitioner, in seeking to avail himself of a statutory right of review, must strictly comply with the procedures prescribed. Washburn v. Industrial Commission, 153 Colo. 500, 386 P.2d 975 (1963). But, where an ambiguity exists, we must also be cognizant of the principle that the right to appeal should not be defeated lightly. Therefore, we interpret the above ambiguity in favor of the petitioner, and presume that the April 19th date was affixed by a proper party in the offices of the Industrial Commission. Since that date falls within the twenty day limit, and since the petition was filed in this court within ten days thereafterApril 25, 1977we have jurisdiction in this matter.

Sufficiency of Evidence
This brings us to the merits of the case. The petitioner is of the belief that the evidence here was totally insufficient to produce the conclusion that he was responsible for his own separation. We disagree.
While the record indicates that Mr. Schenk was subjected to some verbal and physical abuse at the post office, it also indicates that the petitioner's own hands were not unsullied.
As an initial matter, petitioner attacks the referee's factual conclusions. One of *1174 these conclusions was that certain claims of physical abuse, which the petitioner had filed while working at the post office had been "thoroughly investigated and dismissed as having no basis in fact" by post office officials. As Mr. Schenk asserts, the record indicates only that some attention was given to the claims, and that a full scale investigation was never launched. This misstatement of facts, says petitioner, cannot support any legitimate conclusions of law.
However, there is support for the referee's conclusion in testimony to the effect that the level of investigation normally pursued by the post office usually reflects the magnitude of the problem involved, and that here "the fact that a lunch bucket had been stolen" and that some harassment may have been going on, did not "really call. . . for a full-scale investigation."
In light of this, we feel that the referee's conclusion was supported by the evidence. We cannot substitute our judgment on appeal. Wade v. Hurley, 33 Colo.App. 30, 515 P.2d 491 (1973). Nor can we overturn this decision on the ground that the referee's choice of words in characterizing the investigation was somewhat imprecise. Montgomery Ward & Co. v. Industrial Commission, 128 Colo. 465, 263 P.2d 817 (1953). The error in phrasing was one of degree and does not go to the heart of this case; it will not be a basis for reversal. See Montgomery Ward & Co., supra.
It is also asserted that the referee erred in concluding that the petitioner had been partially to blame for a certain altercation. Again, however, the evidence does not uniformly support the petitioner's version of the facts. Rather, there was sufficient evidence on which the refereeand eventually the Commissioncould conclude that Mr. Schenk had been an active participant in the altercation. We therefore find no error in the determination that the petitioner was responsible for his own separation. Wade, supra.
Petitioner also asserts that he was effectively forced to leave his employment because the post office did not provide a healthful and safe place to work, in violation of statute. This contention, however, is predicated on acceptance of petitioner's version of the facts. Since the referee concluded on sufficient evidence that the post office had given proper attention to the matter of the petitioner's relationship with his fellow employees, and that the petitioner had a hand in creating his own unpleasant working environment, this argument also fails.
The order of the Commission is affirmed.
RULAND and BERMAN, JJ., concur.