596 P.2d 405 (1979)
Joseph H. McKENNA, Petitioner,
v.
The INDUSTRIAL COMMISSION of Colorado, Colorado Department of Labor and Employment, and Beech Aircraft Corporation, Respondents.
No. 78-1183.
Colorado Court of Appeals, Division II.
March 22, 1979.
Rehearing Denied April 12, 1979.
Certiorari Denied June 18, 1979.
Joseph H. McKenna, pro se.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Denver, Molly Sommerville, Aurora, for respondents Industrial Commission of Colorado.
ENOCH, Judge.
This matter comes before us on the question of timely compliance with § 8-74-107(2), C.R.S.1973 (1978 Cum.Supp.), governing court review of unemployment compensation awards. We find that petitioner failed to comply with the requirements of the statute, and therefore we dismiss his petition for review.
On November 28, 1978, the Industrial Commission entered and mailed its final order in petitioner's claim for unemployment compensation. Twenty days later, on *406 December 18, petitioner deposited in the mail his petition for review. The Commission received the petition for review on December 19, twenty-one days after it had entered and mailed its final order. The Commission moved to dismiss the petition as not being timely served under the terms of § 8-74-107(2), C.R.S.1973 (1978 Cum. Supp.), which requires that petitions for review "of any final decision of the Commission shall be commenced in the Court of Appeals within twenty days after notification of the final decision." Petitioner moved to dismiss the Commission's motion to dismiss.
The gist of petitioner's argument is that if the time of the Commission's notification of the final decision is determined as being the time of mailing, then the time petitioner "commences" an action in the Court of Appeals is also determined to be when he mails the petition for review. Consequently, because he mailed the petition for review within twenty days of the date the Industrial Commission mailed the notice, he argues that his petition was timely within the terms of the statute. We do not agree.
In Schenk v. Industrial Commission, Colo.App., 579 P.2d 1171, cert. denied, June 5, 1978, this Court determined that in order to "commence an action in the Court of Appeals" within the meaning of § 8-74-107(2), C.R.S.1973 (1978 Cum.Supp.), the petitioner must serve a petition for review upon the Commission. Although "notification" of a final decision by the Commission may be made by mailing, see Schenk v. Industrial Commission, supra, see also § 8-74-106(1)(a) C.R.S.1973 (1978 Cum.Supp.), the term "service" contemplates receipt by the Commission, not depositing in the mail, as the determinative factor. See Andrews v. Industrial Commission, Colo.App., 585 P.2d 933 (1978). Therefore, because petitioner failed to serve the Commission within twenty days of notification of the final order, the petition for review was not timely, and this court is without jurisdiction over the matter.
Accordingly, the petition for review is dismissed.
BERMAN and VanCISE, JJ., concur.