**Denise L. STERN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO (ex officio Unemployment Compensation Commission of Colorado), and The University of Colorado, UMC Food Service, Respondents.**

No. 81SC24.

Supreme Court of Colorado, En Banc.

Nov. 8, 1982.

Stern, Newton & Peters, P.C., Ronald S. Stern, Granby, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent, Industrial Com'n of the State of Colo.

HODGES, Chief Justice.

On motion of the Attorney General, the Colorado Court of Appeals dismissed an appeal from a decision of the Industrial Commission denying a full award of unemployment compensation benefits to a claimant. Dismissal of the claimant's appeal was on the ground that the petition for review filed by the claimant in the court of appeals did not state any grounds upon which review was sought. We granted the claimant's petition for certiorari, and now reverse the judgment of dismissal.

Claimant, Denise L. Stern, applied for unemployment compensation after her employment at the University of Colorado was terminated. She was awarded full benefits and the employer appealed this award. After a hearing before a referee of the Division of Employment, the award was affirmed. The employer appealed to the Industrial Commission which reversed on its finding "that the claimant was responsible for her own separation from employment due to her refusal to follow a reasonable instruction." Based on this finding the Industrial Commission ruled that claimant

was disqualified from the receipt of benefits for a stated period in accordance with section 8–73–108(5), (9), C.R.S.1973 (1979 Supp.). (This provision is now incorporated in sections 8–73–108(5)(c), (9)(a)(VI) (1981 Supp.)). The findings and decision of the Industrial Commission were challenged in a petition to review filed by claimant with the Industrial Commission which denied it and entered its final order. Pursuant to section 8–74–107(2), C.R.S.1973 (1981 Supp.), claimant filed her petition for review in the court of appeals within the allotted twenty day period. However, she did not state the grounds for appeal.

Although no current statutory provision requires that grounds be stated in the petition filed in the court of appeals, the dismissal of the claimant's appeal was premised on prior statutory requirements repealed by the General Assembly in 1976 when the Employment Security Act was revised and rewritten. In dismissing this appeal, the court of appeals reasoned as it did in *Schenk v. Industrial Commission*, 40 Colo.App. 350, 579 P.2d 1171 (1978), that in 1976 when the General Assembly amended the Employment Security Act it did not indicate that review proceedings in the court of appeals would "be initiated in any different way than they have been in the past."

Prior to 1976, section 8–74–108, C.R.S. 1973 required that every petition for a court of appeals' review in an unemployment compensation claim matter "shall specify in detail the particular errors and objections." Also prior to the 1976 revisions, section 8–74–109, C.R.S.1973 provided that judicial review shall be commenced "in the same manner as now provided by law in Workmen's Compensation cases." In the 1976 revision, sections 8–74–108 and 109 were repealed and the requirements for commencement of a court of appeals' review are simply stated in the new section 8–74–107(2), C.R.S.1973 (1981 Supp.), which does not include the above stated requirements of the superseded statutes.

The General Assembly's deletion of the prior requirements for court of appeals' review in its 1976 revision of the Employment Security Act is significant and meaningful. Claimants who wish to contest a denial of their unemployment compensation claims are now required to file a detailed petition for review with the Industrial Commission. Their opening brief in the court of appeals must set forth full particulars as to the alleged errors and grounds for appeal from the Industrial Commission's final decision. To require a specification of the grounds for appeal in a separate petition for review in the court of appeals clearly has no purpose and is unnecessary. In our view, the General Assembly made a similar appraisal by its deletion of these requirements from its 1976 revision. We reject any language in *Schenck v. Industrial Commission, supra,* which would appear to reimpose these requirements for filing of such Industrial Commission's appeal matters in the court of appeals.

The judgment of the court of appeals in dismissing the claimant's appeal is reversed.