**BOARD OF COUNTY COMMISSIONERS, COUNTY OF ADAMS, Adams County Personnel Office, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Ronald D. Nichol, Respondents.**

No. 82CA0638.

Colorado Court of Appeals, Div. III.

March 3, 1983.

Rehearing Denied April 7, 1983.

Kevin Maggio, Adams County Atty., Kathryn L. Schroeder, Asst. County Atty., Brighton, for petitioners.

J.D. MacFarlane, Atty. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents.

KIRSHBAUM, Judge.

Respondent Industrial Commission has filed a motion to dismiss the petition for review of a final order of the Commission filed by petitioners, Board of County Commissioners, County of Adams, and Adams County Personnel Office. We deny the motion.

Section 8–74–107, C.R.S.1973 (1982 Cum. Supp.), provides that any proceeding for review of "any final decision of the Commission shall be commenced in the Court of Appeals within twenty days after notification of the final decision." In *Schenk v. Industrial Commission,* 40 Colo.App. 350, 579 P.2d 1171 (1978), a division of this court held that a proceeding for review of a final order of the Industrial Commission in an unemployment compensation case was "commenced" for purposes of § 8–74–107 by serving a petition for review upon the Commission within the statutory 20-day period even though no petition for review was filed with this court until after the expiration of the 20-day period. In *McKenna v. Industrial Commission,* 42 Colo.App. 305, 596 P.2d 405 (1979), another division of this court held that actual service of a petition for review upon the Commission must be accomplished within the 20-day period to commence a review proceeding, rejecting the argument that mailing within such statutory period is sufficient.

In this unemployment compensation case, petitioners did not serve a petition for review on the Commission within 20 days following notification of the Commission's final decision. They did, however, file a petition for review directly in this court within the statutory 20-day period. That filing sufficiently "commenced" the appellate process for purposes of § 8–74–107. *Schenk, supra,* and *McKenna, supra,* do not necessarily indicate that the *exclusive* manner of commencing a proceeding for review of final orders of the Commission in unemployment compensation cases is by service of a petition for review upon the Commission. In each of those cases the petitioner elected to commence the review by initially serving the Commission. To the extent those decisions suggest that § 8–74–107, has established a single means of commencing a review proceeding from a final order of the Commission in unemployment compensation cases, we do not so construe the statute and, hence, decline to follow them.

In this case, petitioners filed their petition for review in this court within the statutory 20-day period of time. Their failure to effect service of process on the Commission until after the expiration of such period did not divest this court of the jurisdiction which attached upon the filing of the petition.

Therefore, the order to show cause previously issued is vacated and the motion to dismiss is denied. Petitioners shall file their opening briefs on or before March 28, 1983.

VAN CISE and KELLY, JJ., concur.