666 P.2d 562 (1983)
In the Matter of the Claim of Linda G. LOWERY, Petitioner,
v.
INDUSTRIAL COMMISSION OF the STATE OF COLORADO: Director, Department of Labor and Employment, Division of Employment and Training: Pikes Peak Community College, Employer, Respondents.
No. 82SC415.
Supreme Court of Colorado, En Banc.
July 18, 1983.
*563 Leslie B. Schwartz, Denver, for petitioner.
L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Alice L. Parker, Asst. Atty. Gen., Denver, for respondents.
ROVIRA, Justice.
We granted certiorari to review the Order of Dismissal in Lowery v. Industrial Commission, No. 82CA0920 (Colo.App., October 20, 1982). The court of appeals held that the petitioner failed to file her petition for review with the Industrial Commission within the twenty-day period provided by sections 8-53-107 and -110, C.R.S.1973. We reverse.
Linda Lowery, petitioner, filed a claim for unemployment compensation benefits. The referee awarded her benefits, but the Industrial Commission of Colorado (Commission) set aside the referee's order on May 18, 1982. Subsequently, on July 15, 1982, the Commission affirmed its earlier order.
On August 4, 1982, Lowery filed a Petition for Review (Petition) in the Colorado Court of Appeals. The Commission moved to dismiss on the ground that the petitioner failed to serve a copy of the Petition on the Commission at its office at 1525 Sherman Street, Denver, Colorado, within 20 days of the Commission's July 15, 1982, order. It alleged that the Petition had erroneously been filed with the Department of Labor and Employment, Division of Employment and Training (Department), at 251 East 12th Avenue, Denver, Colorado, and had not been received by the Commission within the twenty-day period mandated by sections 8-53-107 and -110, C.R.S.1973 (1982 Supp.).
In response, petitioner admitted serving the Department. She argued that service on the Department was adequate since the Commission was a board within the Department; that the Commission should be estopped from denying sufficiency of service because a Commission employee instructed petitioner's counsel that all appeals of unemployment decisions were to be referred to the Department; and the Commission had not suffered any prejudice as a result of the service of the Petition on the Department.
The court of appeals ordered dismissal of the petition, holding that:
"Petitioner has failed to file her petition for review with the Industrial Commission within the twenty-day period provided for by §§ 8-53-107 and 8-53-110, C.R. S.1973. Schenk v. Industrial Commission, 40 Colo.App. 350, 579 P.2d 1171 (1978); see § 8-74-107, C.R.S.1973 (1981 Cum. Supp.). Therefore, the Petition for Review was not timely and this court is without jurisdiction over the matter. *564 McKenna v. Industrial Commission, 42 Colo.App. 305, 596 P.2d 405 (1979)."
In our order granting certiorari, we summarized the issue for review as being "Whether the filing of a petition for review of an unemployment compensation decision with the offices of the Department of Labor and Employment is sufficient to constitute proper service on the State Industrial Commission of Colorado."
The Commission, in its brief, notes its agreement with the conclusion reached in the order of dismissal, but claims that the court's rationale holding that a petitioner must commence an unemployment compensation appeal in the same manner as required in workmen's compensation appeal[1] is inconsistent with recent orders issued by the court of appeals and confuses the issue of when and where to file a petition for review of an unemployment compensation decision. In support of its position, the Commission points out that Lowery filed her petition with the court of appeals within the twenty-day statutory period, but by dismissing her appeal, the court, by implication, held that the filing of a petition for review in the court of appeals was insufficient to commence an unemployment compensation appeal. The Commission claims that the court's holding is completely opposite that reached in its order in Board of County Commissioners v. Industrial Commission, 664 P.2d 256 (Colo.App.1983). It further claims that Brewer v. Industrial Commission, No. 83CA0074 (Colo.App. March 3, 1983), which held that an appeal may be properly commenced by filing with either the Commission or the court of appeals within the twenty-day period, adds confusion and uncertainty to the appellate process.
Under the circumstances, we expand the issue for review and consider the proper procedure for commencing an appeal of an unemployment compensation decision of the Commission, and whether the petitioner complied with that procedure.

I.
In 1976 the legislature made extensive changes in article 74, title 8, C.R.S.1973, a part of the Colorado Employment Security Act. Colo.Sess.Laws 1976, ch. 39, at 354-59. It established a procedure for the filing of claims for unemployment benefits, review of a deputy's initial decision by a hearing officer, the time within which such initial appeal must be filed, review by the Commission of any decision of a hearing officer, and reconsideration of the initial decision of the Commission by petition for review. Sections 8-74-101 to -106, C.R.S.1973 (1982 Supp.). The legislature also provided in section 8-74-107, C.R.S.1973 (1982 Supp.), the method by which appeals from final Commission decisions would be undertaken. Subsection 107(1) mandates that prior to filing an appeal the dissatisfied party must petition the Commission for review of its initial decision. See section 8-74-104(2), C.R.S.1973 (1982 Supp.). Subsection 107(2) requires all "[a]ctions, proceedings, or suits to set aside, vacate, or amend any final decision of the commission ... shall be commenced in the court of appeals within twenty days after notification of the final decision."
In Stern v. Industrial Commission, 653 P.2d 742 (Colo.1982), we reviewed some of the provisions of article 74, title 8, in the context of whether a petition for review filed in the court of appeals must state the grounds for appeal. We concluded that the legislature had made significant changes in its 1976 revision of the Employment Security Act and rejected any language in Schenk v. Industrial Commission, 40 Colo.App. 350, 579 P.2d 1171 (1978),[2] that would appear to *565 reimpose the pre-1976 requirements for filing appeals in the court of appeals.
Subsequent to its order of dismissal in the case at bar, two departments of the court of appeals entered orders dealing with the question of what constitutes timely and proper filing of an appeal from a final order of the Commission in an unemployment compensation case.
In Brewer v. Industrial Commission, supra, the petition for review was served on the Commission on the 20th day, but not filed with the court of appeals until after the 20th day. The court denied the Commission's motion to dismiss, holding that review of a final order of the Commission commenced for the purposes of section 8-74-107 by serving a petition for review upon the Commission within the statutory twenty-day period. It also held that the Commission's reliance on section 8-74-107(2) as "requiring filing of the appeal in this Court within 20 days as the only basis for appealing is not warranted." (emphasis in original).
On the same day as the Brewer decision, the court of appeals held in Board of County Commissioners v. Industrial Commission, supra, that a petition for review filed with the court of appeals within the twenty-day period but not served on the Commission within the twenty-day period was sufficient to commence the appellate process for purposes of section 8-74-107, and that failure to serve the Commission within the statutory period did not divest the court of jurisdiction. In concluding that filing with the court of appeals commenced the appellate process, the court held that Schenk, supra, and McKenna v. Industrial Commission, 42 Colo.App. 305, 596 P.2d 405 (1979), did not necessarily indicate that the exclusive manner of commencing a proceeding for review of final orders of the Commission in unemployment benefit cases is by service of a petition for review upon the Commission. The court stated that to the extent that Schenk, supra, and McKenna, supra, suggested that "section 8-74-107, has established a single means of commencing a review proceeding from a final order of the Commission in unemployment compensation cases, we do not so construe the statute and, hence, decline to follow them." 664 P.2d at 257.
In Brewer, supra, the Commission argued that the 1976 revision of the Employment Security Act evidenced a legislative intent to simplify the appellate procedures in unemployment compensation cases. In furtherance of that objective it urged a reading of section 8-74-107 that would require petitioners to commence their appeals by filing a petition with the court of appeals within 20 days of the Commission's final order and to perfect their appeal by serving the Commission with a copy of the petition within the same 20 days.
In Board of County Commissioners, supra, the Commission in its Petition for Rehearing urged the court of appeals to reconsider its implicit holding that petitioners may commence the appeal process by filing with either the Commission or the court of appeals. It suggested that "the appellate process for review of an industrial commission final order in unemployment compensation cases be commenced by filing for such review in the court of appeals, and that such procedure shall be the exclusive manner of initiating such action."
In the case at bar the Commission reaffirms the position it took in Board of County Commissioners, supra. It also points out that section 8-74-107(2) no longer contains any requirement of service on the Commission. It is apparent that uncertainty exists as to what action must be taken by a person who wishes to appeal a final order of the Commission in an unemployment compensation case.
Prior to 1976, section 8-74-109, C.R.S. 1973, required that judicial review of an unemployment compensation decision be commenced within twenty days after the final decision of the Commission and "in the *566 same manner as reviews are now provided by law in workmen's compensation cases."[3]
In 1976 section 8-74-109 was repealed and replaced by section 8-74-107. The language requiring that appeals be taken in the same manner as workmen's compensation cases was deleted.
Section 8-74-107(2) requires that:
"Actions, proceedings, or suits to set aside, vacate, or amend any final decision of the commission ... shall be commenced in the court of appeals within twenty days after notification of the final decision."
As we noted in Stern v. Industrial Commission, supra, the 1976 revision of the Employment Security Act is meaningful and significant. The evident purpose of the change was to simplify and expedite procedures in unemployment compensation cases.
Our reading of article 74 of title 8, and particularly section 8-74-107(2), leads us to conclude that in an unemployment compensation case an appeal is perfected by filing a petition for review of a final decision of the Commission with the court of appeals within twenty days after notification of the final decision. Filing with the court of appeals within the statutory period is sufficient to confer jurisdiction on the court. Service of a copy of the petition is governed by C.A.R. 25.

II.
We now turn our attention to the question of whether the petitioner complied with the required procedures. The record reflects that the petition for review was filed in the court of appeals on August 4, 1982, the twentieth day after the issuance of the Commission order. The petition contained a certificate of mailing stating that a true and correct copy of the petition was sent to the attorney general and the Department of Labor and Employment, Division of Employment and Training, "by depositing the same in the U.S. Mail, postage prepaid this 3rd day of August, 1982."
The Commission has no dispute with the facts as stated. Therefore, the only question is whether the mailing of the petition to the attorney general and the Department constitutes proper service.
As discussed in Part I, filing with the court of appeals is sufficient to confer jurisdiction on the court, and C.A.R. 25 governs service. C.A.R. 25(b) provides:
"Copies of all papers filed by any party and not required by these rules to be served by the clerk shall, at or before the time of filing, be served by a party or person acting for him on all other parties to the appeal or review. Service on a party represented by counsel shall be made on counsel." (emphasis added).
Section 8-81-103, C.R.S.1973, provides that the attorney general is to represent the Division of Employment and the state in any action under articles 70 to 82 of title 8. Because it is uncontested that the attorney general was properly served, Lowery complied with C.A.R. 25.
The judgment of the court of appeals is reversed, and the cause is remanded for reinstatement of petitioner's Petition for Review.
NOTES
[1] The reference to workmen's compensation appeals is predicated on the court of appeals' reliance on sections 8-53-107 and -110, C.R.S. 1973. The motion to dismiss filed by the Commission cited these two statutory sections and relied upon them in urging the court of appeals to dismiss the petition.
[2] In Schenck v. Industrial Commission, supra, the court of appeals held that review of Commission orders was governed by pre-1976 law and appellate procedures were commenced under section 8-74-107, C.R.S.1973 (1976 Supp.), by serving the petition for review on the Industrial Commission within twenty days of the final order and filing a copy with the court of appeals within ten days of service on the Commission.
[3] Sections 8-53-107 and -110(1)(b), C.R.S.1973 (part of the workmen's compensation statutes), require that: (1) an appeal be commenced within twenty days after the Commission's final order; (2) service of the petition for review be made upon the Commission and each adverse party; and (3) the petition be filed with the court of appeals within ten days after service on the Commission.