Glenn A. SCOFIELD, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Oscar R. Nicholson, d/b/a Riley's Construction Co., Respondents.

No. 84CA0837.

Colorado Court of Appeals, Div. II.

Feb. 28, 1985.

Glenn A. Scofield, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

No appearance for respondent Oscar R. Nicholson.

## ORDER

BERMAN, Judge.

This unemployment compensation matter is before us for resolution of the Industrial Commission's motion to dismiss this action for review, or in the alternative, for an order requiring service of the notice of appeal on the Commission. The Commission contends that claimant's failure to serve it with a copy of the notice of appeal warrants dismissal. We deny the motion to dismiss and order service on the Commission.

On June 21, 1984, the Commission mailed its final order denying the claim for unemployment compensation benefits. At the bottom of the order, the following notation appears:

"This order is final unless, in accord with Colorado Revised Statutes 1973, section 8–74–107(2), as amended, an appeal is filed in the Colorado Court of Appeals within (20) days of the date of its issuance. Service of such an appeal shall be in accord with Colorado Appellate Rule 25. *Lowery v. Industrial Commission*, et al, [666 P.2d 562] (1983), Colorado Supreme Court."

On July 10, 1984, claimant filed in this court a timely notice of appeal seeking review of the June 21 order. The notice of appeal contains a certificate of service reflecting that claimant served the Attorney General, but not the Commission.

Prior to July 1, 1984, § 8–74–107(2), C.R.S. (*see* Colo.Sess.Laws 1976, ch. 39 at 357) provided that "actions ... to set aside

... any final decision of the commission ... shall be commenced in the court of appeals within twenty days after notification of the final decision." Under this statute, the only jurisdictional prerequisite to appellate review was the timely filing of the notice of appeal. *Lowery v. Industrial Commission,* 666 P.2d 562 (Colo.1983). Service of the petition was governed by C.A.R. 25, and thus, service on the Attorney General, as counsel for the Commission, was sufficient. *Lowery v. Industrial Commission, supra.*

However, a new version of the controlling statute, § 8–74–107(2), C.R.S. (1984 Cum.Supp.) became effective on July 1, 1984. *See* Colo.Sess.Laws 1984, ch. 60 at 320. The new statute provides that an action to review an Industrial Commission order is commenced by the filing of a notice of appeal with the court of appeals within 20 days, "together with a certificate of service showing service of a copy of said notice of appeal on the commission and all other parties who appeared in the administrative proceedings." The Commission reasons that because claimant filed his notice of appeal after July 1, 1984, service on the Commission was required.

 We agree with the Commission that the amendment to § 8–74–102(2), which occurred subsequent to the announcement of *Lowery,* manifests the General Assembly's intent to require proof of service on the Commission as a jurisdictional prerequisite to appellate review of final orders of the Industrial Commission. As stated in *Lowery,* "revision of the Employment Security Act is meaningful and significant." The obvious purpose of the 1984 amendment was to clarify the requirements for serving notices of appeal in these cases.

Furthermore, claimant's failure to serve the Commission would ordinarily warrant dismissal. As stated in *Newman v. McKinley Oil Field Service,* 696 P.2d 238 (Colo.1984), a workmen's compensation case, "failure to comply with statutory provisions regarding timely filing and proper service of petitions for review is jurisdictionally fatal."

Nevertheless, we decline to dismiss this proceeding because the Commission's notice of final order was misleading. The Commission was required to notify claimant of its final order by providing him with a copy. Section 8–74–104(1), C.R.S. (1984 Cum.Supp.). One of the purposes of this notice was to trigger the 20-day period for filing an action for review. *Lowery v. Industrial Commission, supra.* In order for the Commission's final order to constitute adequate notice, and thereby trigger the 20-day period, it should not be misleading in any material aspect. *See People ex rel. Setters v. Lee,* 72 Colo. 598, 213 P. 538 (1923).

Here, the notice mailed to claimant was misleading with regard to the requirements for service of the notice of appeal. Because the final order was mailed on June 21, 1984, it was correct in stating that service of the notice of appeal was to be in accordance with C.A.R. 25 and *Lowery.* However, the order failed to state that the requirements would change in 10 days and proof of service on the Commission, rather than the Attorney General, would be necessary. Under these circumstances, dismissal of this review proceeding would be improper. *See Patterson v. Industrial Commission,* 39 Colo.App. 255, 567 P.2d 385 (1977).

The motion to dismiss the action for review is denied. However, within 20 days of the date of mailing of this opinion, claimant shall file a certificate of service showing service of a copy of the notice of appeal on the Industrial Commission and on Oscar R. Nicholson, d/b/a Riley's Construction Co., and on any other parties who appeared in the administrative proceedings.

VAN CISE and KELLY, JJ., concur.