**DEPENDENTS OF John P. BUTKOVICH (deceased), Petitioners,**

v.

**T.L. PRINTZ CONSTRUCTION, The Industrial Commission of the State of Colorado and State Compensation Insurance Fund, Respondents.**

Nos. 85CA1026, 85CA1041.

Colorado Court of Appeals, Div. I.

Jan. 2, 1986.

Rehearings Denied Jan. 30, 1986.

Summary Reviews Denied and Certiorari Granted March 10, 1986.

Preston, Altman, Parlapiano, Keilbach & Lytle, Adele K. Anderson, John J. Keilbach, Pueblo, for petitioners.

Ware & Marroney, P.C., Gerald A. Marroney, Pueblo, for respondent T.L. Printz Const.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary K. Maldonado, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

No appearance for respondent State Compensation Ins. Fund.

PIERCE, Judge.

This workmen's compensation matter is before us for resolution of the Industrial Commission's motion to dismiss these consolidated actions for review. The Commission contends that, in each case, the petitioners' failure properly to serve the Commission with a copy of the petition for review within 20 days of the date of mailing of the decision deprives this court of jurisdiction and warrants dismissal. We agree and grant the motion to dismiss.

On July 5, 1985, the Commission mailed its final order to the petitioners. At the bottom of the order was the following notation:

"NOTICE: This decision of the Industrial Commission is final unless a petition to review this decision by the COLORADO COURT OF APPEALS is commenced by filing said petition in the court within twenty (20) days after the date this decision was mailed, with service upon the Commission and other interested parties of a copy thereof, pursuant to Colorado Revised Statutes, sections 8–53–111(8) and 8–53–119, as amended by House Bill 1118, 54th General Assembly, 2d regular session, with effective date of March 29, 1984, and the Colorado Appellate Rules of Court."

In each case, a petition for review was filed in this court within the twenty-day period. Each petition contained a certificate of service reflecting that petitioners had served the Attorney General but not the Commission itself. On September 13, 1985, the Commission moved to dismiss both petitions for review.

The Colorado Appellate Rules provide that "appeals from orders and awards of the Industrial Commission ... shall be in the manner and within the time prescribed by statute." C.A.R. 3.1. "Failure to comply with statutory provisions regarding timely filing and proper service of petitions for review is jurisdictionally fatal." *In re Claim of Newman v. McKinley Oil Field Service,* 696 P.2d 238 (Colo.1984).

Section 8–53–111(8), C.R.S. (1985 Cum. Supp.) provides that "any party dissatisfied with the commission's order shall have twenty days after the date of the certificate of mailing of such order to file an appeal with the court of appeals." Under § 8–53–119(3), C.R.S. (1985 Cum.Supp.), an action to review an order of the Commission "shall be commenced by service of a copy of the petition upon the commission and filing the same with the court of appeals."

■ Because § 8–53–119(3) provides that an action for review is commenced by filing the petition with the court of appeals *and* by serving a copy of the petition upon the Commission, we hold that §§ 8–53–111(8) and 8–53–119(3), when read together, require that both service and filing be accomplished within the 20 day period.

■ Further, we reject petitioners' argument that service on the Attorney General constituted service upon the Commission. In *Scofield v. Industrial Commission,* 697 P.2d 815 (Colo.App.1985), we considered

this argument in the context of unemployment compensation. There, we held that service upon the Attorney General does not constitute service upon the Industrial Commission within the meaning of § 8–74–107(2), C.R.S. (1985 Cum.Supp.), the pertinent Employment Security Act provision. We see no reason to interpret the service requirement of § 8–53–119(3) differently.

*In re Claim of Lowery v. Industrial Commission*, 666 P.2d 562 (Colo.1983), the principal case relied upon by petitioners, does not mandate a different result. That case was decided under an unemployment compensation statute which is no longer in effect and which provided only that actions to review final orders of the Commission "shall be commenced in the court of appeals within 20 days after notification of the final decision." Colo.Sess.Laws, 1976, ch. 39 at 357. Because this statute did not provide for service upon the Commission, the *Lowery* court held that service on the Attorney General, as counsel for the Commission, was sufficient. *See* C.A.R. 25(b).

In contrast, service upon the Commission is now mandated by statute. Hence, C.A.R. 3.1 precludes the application of C.A.R. 25 because proper service is predicated upon the applicable statute, not the appellate rules. *See Trujillo v. Industrial Commission*, 31 Colo.App. 297, 501 P.2d 1344 (1972).

Here, it is undisputed that service upon the Industrial Commission was not effected within the required 20-day period. We therefore lack jurisdiction to consider these petitions for review and grant the motion to dismiss.

Petitions for review dismissed.

KELLY and BABCOCK, JJ., concur.