Steven L. **HAYNES,** Petitioner,

v.

**INTERIOR INVESTMENTS, Bryan Pulte, and the Industrial Commission of the State of Colorado, Respondents.**

No. 85CA0930.

Colorado Court of Appeals, Div. II.

July 10, 1986.

Rehearing Denied Aug. 28, 1986.

---

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Wayne M. Palmer, Denver, for petitioner.

Holme, Roberts & Owen, Edmond F. Noel, Jr., Denver, for respondents Interior Investments and Bryan Pulte.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

VAN CISE, Judge.

Claimant, Steven L. Haynes, seeks review of a final order of the Industrial Commission disqualifying him from the receipt of unemployment compensation benefits pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1985 Cum.Supp.) (failure to meet established job performance standards). We affirm the order.

Claimant was employed as an interior designer by the employer. The employer presented evidence at the hearing before the referee that claimant had difficulty completing projects in a timely manner, and was warned about the problem at least once. Thereafter, claimant was placed on probation, and given mandatory completion dates for two ongoing design projects. When the claimant failed to complete one of the projects by the scheduled deadline, he was terminated. Claimant testified that he was terminated because the employer had insufficient contracts. The referee concluded that claimant failed to meet established job performance standards with respect to completion deadlines, and ordered a maximum reduction in benefits. The Commission adopted and affirmed the referee's decision.

The final order of the Commission was mailed to claimant on June 11, 1985. It included a notice which informed claimant that the order was final unless "a notice of appeal is filed in the Colorado Court of Appeals ... within twenty (20) days from the date of its issuance, together with a certificate showing service of said notice of

appeal on the Commission, 1525 Sherman Street, Room 510, Denver, Colorado 80203, and on all parties who appeared in the administrative proceedings." On the twentieth day claimant, *pro se,* filed a notice of appeal in this court along with a certificate showing service on the employer, its counsel, and the "Industrial Commission of the State of Colorado, Division of Employment and Training, 251 E. 12th Ave., Denver, Colorado 80203." Thereafter, the Industrial Commission filed a motion to dismiss the action in this court, alleging that the failure to serve the Commission at the address listed in the final order was jurisdictionally fatal. We denied the motion to dismiss, but gave the parties leave to raise the issue in their briefs.

I.

The employer and the Commission contend that the petition must be dismissed because claimant failed to comply with statutory service requirements. We disagree.

Section 8–74–107(2), C.R.S. (1985 Cum. Supp.) provides that actions to set aside a final order of the Commission

"shall be commenced by filing in the court of appeals within twenty days a notice of appeal, together with a certificate of service showing service of a copy of said notice of appeal on the commission and all other parties who appeared in the administrative proceedings."

We construe "notice of appeal" in the above statute to be synonymous with "petition for review" in earlier cases.

■ Failure to comply with statutory provisions with respect to proper service of petitions for review is jurisdictional. *See In re Claim of Newman v. McKinley Oil Field Service,* 696 P.2d 238 (Colo.1985). Therefore, since the enactment of § 8–74–107(2), service on the Commission is a jurisdictional prerequisite to review of its final orders. *Scofield v. Industrial Commission,* 697 P.2d 815 (Colo.App.1985). However, if service is actually made, defects which are merely technical, do not invalidate it. *See In re Marriage of Thacker,* 701 P.2d 871 (Colo.App.1985).

Here, claimant timely mailed a copy of his notice of appeal addressed to the Commission. The employer and the Commission argue that mailing the copy of the notice to an address other than that specified in the Commission's final order fails to comply with the statute and, thus, does not confer jurisdiction. However, the statute does not specify the address at which the Commission must be served.

By the law applicable to this case, the Commission was responsible for two levels of review in an unemployment compensation case. It reviewed the decision of the Division of Employment (division) referee, which review is commenced by filing a written appeal with the division at the address served by claimant. It also reviews its own findings of fact and order. Despite the fact that no administrative body other than the Commission is involved, this final review is also initiated by filing a petition at the division. The fact that the Commission will accept service for certain matters only at the division, but designates that service for judicial review must be made only at its own offices is misleading. *See Scofield v. Industrial Commission, supra.* Since the Commission is clearly set up to accept service in some matters at the division, we decline to read into the statute a jurisdictional requirement that the notice of appeal to this court be served at the address the Commission specifies and no other valid address. *See Newman v. McKinley Oil Field Service, supra.* Therefore, we decline to dismiss claimant's petition.

II.

■ Claimant contends that there was no evidence that job performance standards were established by the employer or communicated to the claimant. We disagree.

Here, there was evidence in the record that the claimant did not meet the employ-

er's standards with respect to meeting deadlines, and that the employer's dissatisfaction was communicated to claimant by means of at least one conversation and by placing claimant on probation. This evidence and the evidence that claimant subsequently failed to meet the established deadline on at least one occasion is sufficient to support the Commission's decision. *See Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981).

### III.

■ Employer requests attorney fees and double costs pursuant to C.A.R. 38(d) as damages for defending against this allegedly frivolous appeal. However, this action is not an appeal from a trial court action but is, instead, a statutory review proceeding. Appeals from Industrial Commission proceedings are provided for by C.A.R. 3.1, and, in unemployment compensation matters, no other appellate rule is applicable. C.A.R. 3.1 specifies that these appeals "shall be in the manner and within the time prescribed by statute."

Therefore, this court's powers on review of unemployment compensation orders, other than the powers inherent to any court, *see Pena v. District Court,* 681 P.2d 953 (Colo.1984), are limited to those provided in § 8–74–107, C.R.S. (1985 Cum.Supp.). *See Colorado Division of Employment & Training v. Industrial Commission,* 665 P.2d 631 (Colo.App.1983). Under that statute, this court can only affirm, set aside, vacate, or amend a Commission decision, or enjoin its enforcement; and it can mandate compliance with the statute's procedural requirements for judicial review. The statute contains no provision for the award of damages as a sanction for a frivolous review petition. Therefore, we are without jurisdiction to award employer damages pursuant to C.A.R. 38(d).

Order affirmed.

SMITH and KELLY, JJ., concur.