In the Matter of the Claim of The Dependents of John P. BUTKOVICH (deceased) and T.L. Printz Construction Company, Petitioners,

v.

INDUSTRIAL COMMISSION OF COLORADO and State Compensation Insurance Fund, Respondents.

Roger FLESHMAN, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO; State Compensation Insurance Fund, 79–08981; Major Medical Insurance Fund; and Roger Fleshman Construction, Respondents.

Nos. 86SC43, 86SC99.

Supreme Court of Colorado,
En Banc.

Aug. 25, 1986.

Preston, Altman, Parlapiano, Keilbach & Lytle, Adele K. Anderson, John J. Keilbach, Pueblo, for petitioners dependents of John P. Butkovich.

Ware & Marroney, P.C., Gerald A. Marroney, Pueblo, for petitioner T.L. Printz Const. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado and Laura E. Udis, Asst. Attys. Gen., Denver, for respondent Indus. Com'n of Colorado.

Samuel H. Collins, Denver, for respondent State Compensation Ins. Fund.

Colorado Rural Legal Services, Inc., Cynthia M. Hartman, E. Jeanne Durr, Fort Collins, for petitioner Roger Fleshman.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis and Christa D. Taylor, Asst. Attys. Gen., Denver, for respondent Indus. Com'n of Colorado.

No appearances for respondents State Compensation Ins. Fund, Major Medical Ins. Fund, and Roger Fleshman Const.

VOLLACK, Justice.

We granted certiorari in these two consolidated cases to review the question of whether the mailing of a petition for review of a workers' compensation decision entered by the Industrial Commission to the Attorney General is sufficient to constitute proper service on the Industrial Commission. The court of appeals determined such service was not sufficient and dismissed the petitions based on lack of jurisdiction. We reverse and remand to the court of appeals to address the merits of the appeals.

In *Dependents of Butkovich v. T.L. Printz Construction,* 716 P.2d 158 (Colo. App.1986), the Industrial Commission affirmed an order of the hearing officer on July 5, 1985. The Industrial Commission's final order gave notice that the decision was final unless a petition for review was filed with the court of appeals "within twenty days after the date the decision was mailed, with service upon the Commission and other interested parties of a copy thereof, pursuant to Colorado Revised Statutes, sections 8–53–111(8) and 8–53–119 ... and the Colorado Appellate Rules of Court." The petitioners filed their petition for review with the court of appeals on July 23, 1985. Petitioners mailed a copy of the petition for review to the Attorney General's office on July 22, 1985, but did not mail a copy to the Industrial Commission. The court of appeals granted the Industrial Commission's motion to dismiss on the basis that failure to comply with the procedural requirements by serving the Industrial Commission itself deprived the court of jurisdiction to review the matter.

In *Fleshman v. Industrial Commission,* No. 85CA1654, the court of appeals entered an order of dismissal of a petition for review on January 7, 1986, citing *Butkovich* for authority that service upon the Attorney General's office does not constitute service upon the Industrial Commission. Petitioner was seeking review of a decision of the Industrial Commission which had been mailed on November 8, 1985. On November 27, 1985, petitioner served a copy of the petition for review on the Attorney General, but did not serve the Industrial Commission. The petition for review was filed with the court of appeals on November 29, 1985. Petitioner subsequently served the Industrial Commission on December 13, 1985, but only after the Industrial Commission through the office of the Attorney General filed its motion to dismiss the petition for review, which the court of appeals thereafter granted.

■ Appeals from orders and awards of the Industrial Commission are governed by C.A.R. 3.1. It provides that appeals "shall be in the manner and within the time prescribed by statute." The procedural requirements for obtaining administrative or appellate review of the Industrial Commission's orders are mandatory and jurisdictional. *Washburn v. Industrial Commission,* 153 Colo. 500, 386 P.2d 975 (1963); *Hildreth v. Director of Division of Labor,* 30 Colo.App. 415, 497 P.2d 350 (1972). Failure to comply with statutory provisions regarding timely filing and proper service of petitions for review is jurisdictionally fatal. *Newman v. McKinley Oil Field Service,* 696 P.2d 238 (Colo.1984).

At the time the petitioners herein sought review of the Industrial Commission's orders, the method of obtaining appellate review was prescribed primarily by sections 8–53–111 and –119, 3 C.R.S. (1985 Supp.). Section 8–53–111(8) provides that any party dissatisfied with the Industrial Commission's order shall have twenty days after

the date of the certificate of mailing of such order to file an appeal with the court of appeals. The appeal is commenced by service of a copy of the petition upon the Industrial Commission and filing the same with the court of appeals. § 8–53–119(3), 3 C.R.S. (1985 Supp.). This statute further provides that following the filing of a petition for review in the court of appeals, the action shall be conducted in the manner prescribed by the Colorado Appellate Rules.

The ambiguity in this statute which has brought this issue before us is whether service of the petition upon the Industrial Commission must be made to the Commission itself, or whether service may be made by serving the Attorney General's office, which normally represents the Commission in such matters. The statute is silent as to whether one method of service or the other is required.

We note that section 8–53–119(3) makes reference to the Colorado Appellate Rules. C.A.R. 25(b) requires that service on a party represented by counsel be made on counsel. The court of appeals concluded C.A.R. 3.1 precludes the application of C.A.R. 25 because proper service is predicated upon the applicable statute, not the appellate rules. However, the applicable statute then refers to the Colorado Appellate Rules. It is apparent that uncertainty exists as to what action must be taken by a person who wishes to appeal a final order of the Industrial Commission in a workers' compensation case.

The workers' compensation statutes, which went into effect July 1, 1983, do not specifically set forth the required manner or method of service. While the statutes are silent, reference to the appellate rules provides guidance as to how service should be effectuated. It is reasonable to refer to the rules when the statute is silent, and the rules contain provisions for service. Moreover, the notice contained in the final order of the Industrial Commission also refers to the Colorado Appellate Rules.

In *Scofield v. Industrial Commission*, 697 P.2d 815 (Colo.App.1985), an unemployment compensation case, the Industrial Commission filed a motion to dismiss a review action because the claimant served the Attorney General, but not the Commission. The court of appeals allowed the claimant to re-serve the Commission based upon the fact that the applicable statute, section 8–74–107(2), 3 C.R.S. (1984 Supp.), had been recently amended, and because the Commission's notice of final order was misleading. The court reasoned that in order for the Commission's final order to constitute adequate notice of the claimant's right to review, it should not be misleading in any material aspect. *Scofield*, 697 P.2d at 817. Here, because the final order refers to the appellate rules, as does section 8–53–119(3), the notice can be viewed as misleading, or at least ambiguous.

■■■■■ The purpose for service required by the statute is to notify the Industrial Commission that its final order is being appealed and to allow the record to be sent to the court of appeals. While a claimant must strictly comply with the procedures involved when seeking to avail himself of a statutory right of review, when an ambiguity exists the right to appeal should not be defeated lightly, and the ambiguity should be interpreted in favor of the claimant. *Schenk v. Industrial Commission*, 40 Colo.App. 350, 579 P.2d 1171 (1978).

In *Lowery v. Industrial Commission*, 666 P.2d 562 (Colo.1983), we addressed a similar set of facts in an unemployment compensation setting. There, the petitioner initiated review of an Industrial Commission order by filing her petition for review with the court of appeals, but served the Attorney General and the Department of Labor and Employment, Division of Employment and Training, rather than the Industrial Commission. In considering the proper procedure for commencing an appeal of the Commission's unemployment compensation decision, we held service of a copy of the petition is governed by C.A.R. 25, and proper service in that case had been made by serving the Attorney General. While the applicable statute in *Lowery* did not specify that a copy of the petition for

review need be served upon the Commission to commence an appeal, we interpreted section 8-74-107(2), 3 C.R.S. (1982 Supp.), to mean that an appeal is perfected by filing a petition for review with the court of appeals within twenty days after notification of the final decision. *Lowery,* 666 P.2d at 566. Filing with the court of appeals was held to confer jurisdiction on the court. *Id.*

 Even though the statute involved herein requires "service of a copy of the petition upon the commission and filing the same with the court of appeals," section 8-53-119(3), 3 C.R.S. (1985 Supp.), the statute remains silent as to the proper method of service. We discern no requirement that service must be made upon the Commission itself when C.A.R. 25(b) specifically provides that service on a party represented by counsel shall be made on counsel. We choose to adhere to our conclusion in *Lowery* that service of a copy of the petition is governed by C.A.R. 25.

While section 8-53-128, 3 C.R.S. (1985 Supp.), requires the Attorney General to defend actions brought against the Industrial Commission only upon request of the director or Commission, the reality of the situation is that the office of the Attorney General regularly represents the Industrial Commission in matters of this nature. The presumption of such representation does not impose such an onerous burden on the Attorney General's office so as to offend a sense of fairness. Such is especially true when the Attorney General's office has filed the motion to dismiss in each case under consideration.

When the legislature considered the amendments to section 8-53-119(3), language of the prior statute containing an outline of specific procedures was replaced by a reference to the Colorado Appellate Rules. Ch. 58, sec. 6, § 8-53-119, 1984 Colo.Sess.Laws 308, 311. The bill's sponsor expressed an intent to adopt the procedural rules already existing in the appellate rules. Adoption of those rules included the provisions for service contained in C.A.R. 25.

We conclude that C.A.R. 25(b) governs service of a petition for review in a workers' compensation proceeding, and service upon the Industrial Commission may be effectuated by serving the Attorney General. Accordingly, we reverse and remand these cases for reinstatement of the petitions for review in the court of appeals.

Judgments reversed and remanded to the court of appeals to address the merits of the appeals.