**COLORADO DEPARTMENT OF INSTITUTIONS, DIVISION OF YOUTH SERVICES, STATE OF COLORADO, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and Annikki Hakala, Respondents.**

No. 89CA0845.

Colorado Court of Appeals,
Div. III.

Aug. 24, 1989.

Lavinder & Cairns, P.C., David L. Lavinder, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol A. Finley, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Steven U. Mullen, Colorado Springs, for respondent Annikki Hakala.

STERNBERG, Judge.

This workmen's compensation matter is before us for resolution of the respondent/employee's motion to dismiss the petition for review. The employee, Annikki Hakala, contends that petitioner's failure to serve Hakala with a copy of the petition for review within 20 days of the date that the final order of the Industrial Claim Appeals Office (Panel) was mailed deprives this court of jurisdiction and requires dismissal. We disagree and deny the motion.

On May 12, 1989, the Panel mailed its final order to the parties and their counsel. At the bottom of the order was the following notation:

"This order is final unless an action to modify or vacate this Order is commenced in the Colorado Court of Appeals ... by filing a petition to review with the court, with service of a copy of the petition upon the Industrial Claim Appeals Office and all other parties, within twenty (20) days after the date this Order was mailed, pursuant to sections 8–53–111(8), and 8–53–119, C.R.S. (1986 Repl.Vol. 3B)."

The petition for review was filed in this court on June 1, 1989. Hakala admits that the petition was timely filed here and concedes that the Panel was timely served a copy of the petition on May 31, 1989. Hakala asserts, however, and petitioner con-

cedes, that although the certificate of service on the petition indicates counsel for Hakala was sent a copy of the petition by mail on June 1, 1989, the copy was not received by the post office for mailing until June 6, 1989. It is undisputed that Hakala's counsel received the copy on June 7, 1989. Relying upon the notice appearing on the Panel's order, Hakala insists the petition must now be dismissed as jurisdictionally untimely.

Section 8–53–111(8), C.R.S. (1986 Repl. Vol. 3B) provides that any party dissatisfied with the Panel's order "shall have twenty days after the date of ... mailing of such order to file an appeal" with this court. Section 8–53–119(3), C.R.S. (1986 Repl.Vol. 3B) provides that appeals to this court are commenced by service of a copy of the petition upon the Panel and filing the same with this court. This section also requires that "the petition shall state the grounds upon which the review is sought and shall also be served upon all other parties." The statute further provides that, following the filing of the petition with this court, the action shall be conducted in the manner prescribed by the appellate rules. When these provisions are read together, this statutory scheme requires that filing the petition for review *and* service upon the Panel must both be accomplished within the 20–day period.

In *Butkovich v. Industrial Commission,* 723 P.2d 1306 (Colo.1986), the court construed the substantially identical statutory predecessors to the above sections and concluded that C.A.R. 25 governs service of a petition for review in a workmen's compensation proceeding. There is no dispute that petitioner timely filed the petition here, or that the Panel was timely served, as required by statute. Neither the Colorado Appellate Rules generally, nor C.A.R. 25 particularly, make failure to effect service upon an opposing party jurisdictionally fatal. Accordingly, the untimely service of the petition on Hakala does not mandate our dismissal of the petition. C.A.R. 38(e); and *see Haynes v. Interior Investments,* 725 P.2d 100 (Colo.App.1986).

Although not of jurisdictional status, such tardiness does subject the offending party to our authority to impose sanctions, including dismissal, in appropriate instances. *See* C.A.R. 38. We conclude, however, that sanctions are not appropriate in this case.

The motion to dismiss the petition for review is denied.

CRISWELL and MARQUEZ, JJ., concur.